UNITED STATES of America, Appellee,

v.

William E. MAGNESS, Appellant.

No. 95–1609.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1995.

Decided Nov. 7, 1995.

**873**

Gregory Bryant, Little Rock, Arkansas (argued), for appellant.

Robert L. Roddey, Assistant United States Attorney, Little Rock, AR (argued), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, and HEANEY and HANSEN, Circuit Judges.

HEANEY, Circuit Judge.

William E. Magness appeals the district court's denial of his motion to suppress both evidence obtained during the search of his residence and his confession. Magness entered a conditional plea of guilty to thirteen counts of possession of a destructive device in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and reserved his right to appeal the court's denial of his motion to suppress. On appeal, he argues that he was arrested without probable cause and that both his confession and his consent to the search of his residence were involuntary. We affirm.

## I. BACKGROUND

Between August 1992 and December 1992, the city of Pine Bluff, Arkansas experienced a series of bombing incidents. Nine pipe bombs and four fire bombs were discovered in the city, some already detonated and some prior to explosion. On November 23, 1992, a Pine Bluff resident, after hearing a loud explosion, reported seeing a white, older, "sporty-looking car" in the vicinity. Later that day, while working at the bomb scene, police saw a vehicle fitting the description and determined it to be registered to Magness.

On December 2, 1992, the Pine Bluff Police Department received a list from Delta Press Publishing of seven Pine Bluff residents who had ordered publications on the manufacture of explosive devices. Magness's name was on the list. On December 7, 1992, two officers conducted surveillance of Magness's res-

idence. Around 7:45 p.m. they observed a white male, later identified as Magness, drive away in a white, older-model Firebird. For approximately fifteen minutes they followed the Firebird as it drove slowly through a residential neighborhood; the officers then discontinued surveillance. Within minutes, a bomb exploded in the same neighborhood.

Ten to fifteen minutes later, Magness's Firebird was located in the parking lot of a building where he was attending a meeting. Two officers waited there until Magness exited the building to advise him that he was a suspect in the recent Pine Bluff bombings and to ask him whether they could search his vehicle. He consented to the search. The officers found gunpowder, lead shot, and a .44 caliber revolver in the Firebird. During the encounter with Magness, one officer asked him if he knew with what he was being charged. Magness responded, "I've been doing pipe bombs." The officers placed Magness under formal arrest, obtained written consent from him to search his residence, gave him his *Miranda* rights, and transported him to the police station, where he read and signed a statement of his rights. At the station, Magness gave a tape-recorded interview admitting his involvement in the bombings and describing his construction of the bombs. A subsequent search of Magness's workshop revealed component parts for the manufacture of pipe bombs. Two days later, Magness gave another tape-recorded statement further describing his participation in the bombing incidents.

Arguing (1) that the officers detained him for questioning without probable cause and (2) that his consent to search his residence and his confession were involuntary due to his intoxication, Magness moved to suppress both his custodial statements and the evidence collected from his residence. The district court adopted the magistrate judge's findings and recommendations and denied the motion. Magness entered a conditional plea of guilty and the court sentenced him to forty-six months imprisonment.

## II. DISCUSSION

### A. Probable Cause for Arrest

First we consider whether Magness's warrantless arrest was valid, i.e.,

whether it was supported by probable cause. Probable cause exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964). We review the district court's factual findings and determinations as to the existence of circumstances justifying a warrantless arrest under the clearly erroneous standard. *United States v. Archer,* 840 F.2d 567, 574 (8th Cir.) *cert. denied,* 488 U.S. 941, 109 S.Ct. 364, 102 L.Ed.2d 354 (1988).

The district court determined that at the time the officers confronted Magness, they had a reasonable and articulable suspicion of criminal activity. In other words, the court held that the officers had at least enough evidence to justify making an investigative stop. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The court stated further that once Magness made the statement concerning his involvement in the bombings, the officers were justified in escalating the nature of the stop.

■ In our judgment, the officers had probable cause to arrest Magness at the outset of their encounter with him: they had reason to believe he had committed a crime. A witness had observed and described for the police a white, older-model sports car leaving the scene of an earlier bombing. A vehicle that fit the description and that was spotted in the vicinity was registered to Magness. Magness had purchased publications on the manufacture of explosives. On the day of Magness's arrest, a bomb exploded one and one-half blocks from where officers had last seen Magness. These facts provided the officers with a sufficient basis to detain Magness without a warrant. Magness's voluntary admission to the officers that he had been "doing pipe bombs" is not essential to our finding of probable cause.

## B. *Voluntary Consent to Search and Confession*

■ Magness also argues that the district court erred in finding that his consent to the search of his residence and his custodial statement were voluntary. A confession or a consent to a search is voluntary unless, in light of all the circumstances, "pressures exerted upon the suspect have overborne his will." *United States v. Martin,* 28 F.3d 742, 745 (8th Cir.1994) (citing *United States v. Jorgensen,* 871 F.2d 725, 729 (8th Cir.1989)). We review the ultimate question of voluntariness de novo but uphold the district court's factual findings unless they are clearly erroneous. *Id.* (citing *United States v. Bordeaux,* 980 F.2d 534, 538 (8th Cir.1992)).

■ Magness alleges that on the day of his arrest, he had taken four or five times his prescribed dosage of anti-anxietal medication before and two additional dosages after his arrest. He also contends that one of the arresting officers was aware that he had taken the additional medication prior to his confession. The district court discredited Magness's testimony concerning his intoxication, however, noting Magness's ability to recall in detail the taking of the medication and to describe clearly the manufacture of explosive devices. Additionally, the court found no evidence of coercion on the part of the officers. Without credible evidence of intoxication or any evidence of coercive police conduct, Magness's argument that his consent and confession were involuntary must fail. *United States v. Robinson,* 20 F.3d 320, 322 (8th Cir.1994) (citing *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 521–22, 93 L.Ed.2d 473 (1986)).

Thus, we are left with the following facts: the officers sought permission to search Magness's residence shortly after confronting him in the parking lot; Magness agreed to the search and signed a written consent form; the officers informed Magness of his *Miranda* rights at the time of his arrest; Magness read and executed a written "Rights Form" at the station; and Magness gave the officers a tape-recorded interview. We cannot conclude, given the record, that Magness's consent and confession were not voluntarily given.

The district court's findings are not clearly erroneous and we uphold its determination that Magness's consent to search and confession were voluntary.

## III. CONCLUSION

For the foregoing reasons, Magness's motion to suppress was properly denied. The judgment of the district court is affirmed.