# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2817

_____

United States of America,     *
                             *

        Appellee,         *

                           *   Appeal from the United States
     v.                *   District Court for the
                           *   Eastern District of Arkansas.

Billy Joe Trent,            *

                           *        **[UNPUBLISHED]**
        Appellant.     *

_____

Submitted:  March 7, 1997

Filed:  March 10, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Following the district court's[1] denial of Billy Joe Trent's motions to suppress evidence seized and statements made at the time of his arrest, Trent entered a conditional guilty plea to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). On appeal, Trent argues that he was under the influence of drugs when he spoke to police officers, and thus his statements and consent to search his residence were not knowingly and voluntarily made. Trent also argues the coercive conduct of the police officers during the interview rendered his statements and consent involuntary. We affirm.

_____

[1] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

"A confession or a consent to a search is voluntary unless, in light of all the circumstances, `pressures exerted upon the suspect

have overborne his will.'" <u>United States v. Magness</u>, 69 F.3d 872, 874 (8th Cir. 1995) (quoted case omitted).  We review de novo the voluntariness of a confession.  <u>See</u> <u>United States v. Kime</u>, 99 F.3d 870, 879 (8th Cir. 1996), <u>cert. denied</u>, 1997 WL 27584 (U.S. Feb. 18, 1997) (No. 96-7545).

We conclude the district court properly denied Trent's suppression motions.  Trent failed to present credible evidence that he was under the influence of drugs at the time he gave his confession and consent.  As to his contention that the police officers' conduct was coercive, Trent failed to show that one officer's isolated comment--i.e., "Answer yes, Billy"--was anything more than an instruction to answer the question verbally rather than with a nod of the head, as the officer testified.  Without credible evidence of drug use or any coercive police conduct, Trent's argument that his confession and consent were involuntary must fail.  <u>See</u> <u>Magness</u>, 69 F.3d at 874.  We further reject Trent's contention that his girlfriend's consent to search her home was involuntary, given the undisputed evidence that she initiated the contact with the police, directed them to her house, and showed them where the drugs were hidden.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-