108 F.3d 1383
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
Billy Joe TRENT, Appellant.
 No. 96-2817.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 7, 1997.
Decided March 10, 1997.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following the district court's[1] denial of Billy Joe Trent's motions to suppress evidence seized and statements made at the time of his arrest, Trent entered a conditional guilty plea to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). On appeal, Trent argues that he was under the influence of drugs when he spoke to police officers, and thus his statements and consent to search his residence were not knowingly and voluntarily made. Trent also argues the coercive conduct of the police officers during the interview rendered his statements and consent involuntary. We affirm.
 
 
 2
 "A confession or a consent to a search is voluntary unless, in light of all the circumstances, 'pressures exerted upon the suspect have overborne his will.' " United States v. Magness, 69 F.3d 872, 874 (8th Cir.1995) (quoted case omitted). We review de novo the voluntariness of a confession. See United States v. Kime, 99 F.3d 870, 879 (8th Cir.1996), cert. denied, 1997 WL 27584 (U.S. Feb. 18, 1997) (No. 96-7545).
 
 
 3
 We conclude the district court properly denied Trent's suppression motions. Trent failed to present credible evidence that he was under the influence of drugs at the time he gave his confession and consent. As to his contention that the police officers' conduct was coercive, Trent failed to show that one officer's isolated comment--i.e., "Answer yes, Billy"--was anything more than an instruction to answer the question verbally rather than with a nod of the head, as the officer testified. Without credible evidence of drug use or any coercive police conduct, Trent's argument that his confession and consent were involuntary must fail. See Magness, 69 F.3d at 874. We further reject Trent's contention that his girlfriend's consent to search her home was involuntary, given the undisputed evidence that she initiated the contact with the police, directed them to her house, and showed them where the drugs were hidden.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas