# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———

No. 98-1619

———

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Robert Eugene Oakley, | * | |
| | * | |
| Appellant. | * | |

———

Submitted:  June 9, 1998

Filed:  August 18, 1998

———

Before LOKEN, GODBOLD,[1] and HEANEY, Circuit Judges.

———

HEANEY, Circuit Judge.

Robert Oakley appeals the district court's denial of his motion to suppress evidence obtained by a police officer incident to a warrantless arrest of Oakley.  Oakley contends that the officer lacked probable cause to arrest him and that the evidence, as the fruit of an illegal search, was inadmissible.  We affirm.

———

[1]The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

On August 29, 1997, at approximately 2:10 p.m., an African American male robbed a Des Moines, Iowa, bank of $11,766.  During the robbery, he carried a gun and wore blue jeans and a dark baseball cap.  At approximately 3:00 p.m., Des Moines police lieutenant Kelly Willis heard on his car radio that the robbery suspect was seen in the area of the Iowa Historical Building, approximately twelve blocks from where the bank robbery occurred.

Willis drove toward the area around the Historical Building to help with the search.  The initial radio dispatch described the bank robber as an African American male, about 6'1", 180 pounds, and wearing dark jeans and a baseball hat.  As Willis approached the Historical Building, the radio dispatcher updated the suspect's description because a person fitting that description had been seen changing clothing across the street from the Historical Building at the Bargain Buddies store.  According to the dispatcher, the person had put on shorts and a gold-colored T-shirt and had been seen placing a handgun in a black backpack.

After searching the Historical Building and visiting nearby establishments, including Bargain Buddies, Willis saw Oakley, who was wearing a gold shirt, khaki shorts, and carrying a black backpack.  Oakley crossed the street away from Willis, who followed him.  When the two men were approximately 35 to 40 yards apart, Willis showed the police badge at his hip and said to Oakley, "police officer, I would like to talk to you."  Rather than stopping, Oakley turned away and kept walking.  According to Willis, he was no longer able to see the front of Oakley's backpack when Oakley started walking away from Willis.  Having received information that the backpack contained a gun, Willis pulled his gun, ran after Oakley, and when he was about ten to fifteen feet away, warned Oakley to stop or he would shoot.  Oakley turned around with his hands out and Willis took Oakley to the ground.  Willis arrested Oakley.  As part of a search incident to Oakley's arrest, police officers found $46, a billfold, and a key ring in Oakley's pockets.  When searching his backpack, officers found a pellet gun, clothing, and $11,760 in cash.

2

On August 29, 1997, Oakley was charged with armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). On October 14, 1997, Oakley filed a motion to suppress evidence seized during the search of his person and backpack. On November 3, 1997, the district court ruled that the police had probable cause for the arrest and search of Oakley. On November 18, 1997, Oakley entered a conditional plea of guilty to the armed robbery charge. Under the terms of his plea, Oakley reserved the right to appeal the district court's adverse ruling on his motion to suppress. On February 6, 1998, the district court sentenced Oakley to sixty months imprisonment. Oakley appeals.

II.

We review the district court's determinations of reasonable suspicion and probable cause de novo and findings of fact for clear error. See Ornelas v. United States, 517 U.S. 690, 699 (1996). Oakley argues that Willis lacked probable cause for the warrantless arrest, thereby invalidating the search. "A police officer may lawfully arrest an individual for a felony without a warrant if the officer has probable cause." Olinger v. Larson, 134 F.3d 1362, 1366 (8th Cir. 1998) (citations omitted); see also United States v. Magness, 69 F.3d 872 (8th Cir. 1995) ("Probable cause exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense.") Id. at 874 (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).

We agree with the district court that Willis had probable cause to arrest Oakley. Less than one hour after the robbery, a suspect was seen within twelve blocks of the Mercantile Bank. Shortly after hearing the dispatch, Willis saw a man fitting the suspect's description. In addition to having similar physical characteristics, Oakley carried a black backpack, was across the street from the Historical Building, and wore shorts and a gold colored T-shirt. In short, the facts and circumstances within Willis's knowledge were more than sufficient to warrant the belief that Oakley had just

committed a felony. Therefore, Willis had probable cause to arrest Oakley without a warrant.

Oakley also argues that Willis did not have the right to search his person and backpack. Because probable cause existed for Oakley's arrest, the search of his person and backpack was lawful as a search incident to arrest. See United States v. Morales, 923 F.2d 621, 626 (8th Cir. 1991) (citations omitted) (search of arrestee, and possessions within the "immediate control" of arrestee, proper when probable cause exists).

We have carefully reviewed Oakley's other claims and find them to be without merit.

III.

Accordingly, we affirm.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.