# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 98-1367

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Stephen Michael Landry, | * | |
| | * | |
| Appellant. | * | |

Submitted: June 9, 1998

Filed: September 9, 1998

Before LOKEN, GODBOLD,[1] and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Stephen Michael Landry appeals the district court's order denying his pretrial motion to suppress evidence introduced at the trial in which he was convicted for possession with intent to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1).  We affirm.

---

[1]The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

**I.**

On March 26, 1997, a paid confidential informant told Minneapolis Police Officer Bart Hauge that a narcotics transaction would occur between 5:00 p.m. and 6:00 p.m. at the intersection of 25th Street and Lyndale Avenue in south Minneapolis. The informant described an individual who would participate in the transaction.[2] Based on the tip, Hauge and four other officers set up surveillance at the corner of 25th and Lyndale at approximately 6:00 p.m., with each officer in a separate, unmarked police vehicle. When Hauge reached the area, he saw Landry standing in a sheltered bus stop on the southwest corner of 25th and Lyndale.

The officers conducted surveillance for approximately thirty to forty minutes. Hauge testified that he first observed Landry in the bus shelter looking up and down Lyndale. After observing Landry walking around the area, sitting on a wall for several minutes, entering and exiting a store called the Loon Market, and making a phone call, the officers saw Landry walk up 25th Street and into an alley. One of the officers accompanying Hauge, Officer Elizabeth Holland, observed Landry walk to the north side of the Loon Market. Holland saw Landry take a brown object from his coat pocket and place it on the ground behind the wheel of a garbage dumpster. Landry then walked to a pay phone approximately fifty feet away. After Holland described her observation over the police radio, officers moved and arrested Landry. After the arrest, the police retrieved the object by the dumpster; a brown paper bag containing clear plastic bags of crack cocaine.

Landry was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Prior to trial, Landry moved the court to suppress the crack cocaine as the result of an illegal search. The government opposed the motion, arguing that Landry had no right to contest the search of the bag because

---

[2]The record does not indicate the specific information given by the informant.

Landry had abandoned it. The magistrate judge reviewing the motion recommended that it be granted, finding that Landry had not abandoned the bag, that Landry's arrest was not supported by probable cause, and that the police did not conduct a Terry stop. The district court reversed the magistrate's recommendation, concluding that Landry "abandoned his expectation of privacy in the brown paper bag and therefore he has no standing to object to the search of its contents." United States v. Landry, Cr. No. 97-125/RHK/FLN, Mem. Op. and Order at 8 (D. Minn. July 24, 1997). Landry appeals.

## II.

We must affirm the district court's finding that Landry abandoned the brown paper bag unless the decision is "unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990). To determine whether Landry abandoned the bag, the issue "is not abandonment in the strict property right sense, but rather, whether [Landry] in leaving the property . . . relinquished [his] reasonable expectation of privacy." United States v Hoey, 983 F.2d 890, 892-93 (8th Cir. 1993). "Whether an abandonment has occurred is determined on the basis of objective facts available to the investigating officers, not on the basis of the owner's subjective intent." United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997). When considering whether the circumstances support a finding of abandonment, "two important factors are denial of ownership and physical relinquishment of the property." United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986).

Based on the totality of the circumstances, we cannot say that the district court's determination that Landry abandoned the brown paper bag is clearly erroneous. Because Landry placed the bag by the wheel of the dumpster and then walked fifty feet to the pay phone, Landry objectively relinquished his expectation of privacy in the bag. Regardless of whether Landry intended to retrieve the bag, leave the bag for another

person, or abandon the bag is not relevant to the issue of whether the objective facts available to the officers support a finding that Landry abandoned the bag. Having concluded that the district court's finding that Landry abandoned the bag is not clearly erroneous, we need not address Landry's remaining arguments.

## III.

For the foregoing reasons, we affirm the order of the district court.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.