# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2465

_____

United States of America,      *

     *

         Appellee,      *

     *   Appeal from the United States

       v.      *   District Court for the

     *   District of Minnesota.

Orbelin Cabrera-Reynoso,      *

     *

         Appellant.      *

_____

Submitted: October 20, 1999
Filed: November 24, 1999

_____

Before BOWMAN, ROSS, and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Orbelin Cabrera-Reynoso pled guilty to the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), but reserved the right to appeal the denial of his motion to suppress evidence obtained as a result of his arrest. On appeal, Cabrera-Reynoso contends that the police arrested him without probable cause. We affirm.

Cabrera-Reynoso's arrest arose from his connection to 2116 Portland Avenue South in Minneapolis and a series of undercover cocaine transactions between Deputy David Bruce and Elvis Gama-Leon in August 1998. Prior to the final transaction on August 25, surveillance officers observed Gama-Leon drive to and enter 2116 Portland

at 1:20 p.m. Ten minutes later, Gama-Leon left the building carrying a brown paper bag. He then drove directly to a local restaurant and delivered seventeen ounces of cocaine in a brown paper bag to Deputy Bruce. Naturally, the officers suspected that Gama-Leon obtained the cocaine at 2116 Portland.

August 25 was not the first time that Gama-Leon appeared to contact someone at 2116 Portland. On August 5 and 11, pen-register records show phone calls from Gama-Leon's residence to 2116 Portland shortly after Deputy Bruce's informant called Gama-Leon to arrange drug purchases. On August 17, Gama-Leon drove to 2116 Portland shortly after receiving another call from the informant and shortly before delivering cocaine to Deputy Bruce. Gama-Leon also called other numbers, including a pager several times, and contacted other locations during the course of these transactions. Nevertheless, suspicion focused on 2116 Portland as being the source of Gama-Leon's supply of cocaine.

Following Gama-Leon's arrest on August 25, surveillance officers stopped a car observed departing from 2116 Portland. The occupants, Inocente Villa-Gomez and her juvenile son Miguel Maldonado, both lived at 2116 Portland. Deputy Jeffrey Burchett showed them a picture of Gama-Leon and asked if they knew him. Maldonado responded that Gama-Leon had been to their apartment around 1:00 p.m. that day and had visited with two men named Reynoso. Maldonado indicated that the Reynosos were his mother's boyfriend and the boyfriend's nephew. When asked the location of the Reynosos, Maldonado responded that they were out playing volleyball and that they were driving a red Chrysler Laser.[1]

---

[1] There was some dispute at the hearing whether Maldonado said a Laser or a Daytona. We do not believe this dispute is significant because the Daytona and Laser are twin models, sold by Dodge and Chrysler respectively, that look substantially alike.

Deputy Burchett alerted officers at 2116 Portland to stop the car should they see it. He soon received a report from surveillance officers that a red Chrysler Laser, license number 233 JXG, was spotted driving southbound at 2116 Portland Avenue carrying two Hispanic males. After hearing the report, Maldonado told Deputy Burchett either "That's them" or "Yes, that is the car." Tr. at 71, 89. Deputy Burchett then told the surveillance officers to stop the vehicle. Cabrera-Reynoso and his uncle were in the car, and Cabrera-Reynoso's driver's license indicated that he lived at 2116 Portland. The officers seized Cabrera-Reynoso's pager and discovered that it was the same pager that Gama-Leon had called several times during the course of the investigation. Later, the officers were able to match Cabrera-Reynoso's fingerprints to prints found on individual plastic bags of cocaine sold to Deputy Bruce. Cabrera-Reynoso's indictment and guilty plea soon followed.

Cabrera-Reynoso challenges the conclusion of the District Court[2] that probable cause existed for his warrantless arrest. We review findings of historical fact made by the District Court for clear error,[3] but review the ultimate question of probable cause to arrest de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. McClain, 171 F.3d 1168, 1170 (8th Cir. 1999). "Probable cause exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense." United States v. Magness, 69 F.3d 872, 874 (8th Cir. 1995) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).

---

[2] The Honorable MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable FRANKLIN L. NOEL, United States Magistrate Judge for the District of Minnesota.

[3] Having carefully reviewed the transcript of the suppression hearing, we find no clear error in Judge Noel's findings of fact, which were adopted by Judge Davis after a de novo review of the record. Our description of the facts is consistent with those findings.

We believe that Deputy Burchett had probable cause to order the stop of the red Chrysler Laser and thus the warrantless arrest of Cabrera-Reynoso. First, the telephone calls and especially Gama-Leon's pickup of the brown paper bag on August 25 were sufficient to warrant the belief that someone at 2116 Portland supplied Gama-Leon with cocaine. At the time of the stop, Deputy Burchett knew that Gama-Leon regularly made contact with someone at 2116 Portland after being asked to supply cocaine. Most importantly, Deputy Burchett knew that Gama-Leon picked up a brown paper bag at 2116 Portland, drove directly to the site of a prearranged drug transaction, and then sold half a kilogram of cocaine in a brown paper bag to Deputy Bruce. Acting together, these observations were sufficient to allow Deputy Burchett to reasonably infer that someone at 2116 Portland supplied cocaine to Gama-Leon. Cf. United States v. Hulett, 22 F.3d 779, 780-81 (8th Cir.) (concluding that evidence of drug dealer's phone call to defendant's residence immediately after discussing proposed drug transaction was sufficient to justify search warrant for defendant's residence), cert. denied, 513 U.S. 882 (1994); United States v. Corral, 970 F.2d 719, 728 (10th Cir. 1992) ("That the appellant had to return to her residence after negotiating the purchase price of the cocaine but before making the actual exchange provides at least a reasonable probability that the cocaine was stored at her residence.").

Second, Maldonado's statement that the two Reynosos met with Gama-Leon at 2116 Portland around the same time that surveillance officers observed Gama-Leon leave 2116 Portland with the brown paper bag was sufficient to warrant the belief that the Reynosos supplied Gama-Leon with the cocaine he shortly afterwards sold to Deputy Bruce. This observation requires no detailed explanation. Once one accepts that it was reasonable to infer that Gama-Leon obtained the cocaine at 2116 Portland on August 25, it naturally follows that the persons with whom he met were probably the suppliers.

Third, Maldonado's description of the Reynosos' vehicle, his confirmation of its identity based on the officer's report, and its proximity to 2116 Portland were sufficient

to warrant the belief that the Reynosos were in the red Chrysler Laser that the officers stopped. The police observed the vehicle, carrying two Hispanic males, driving southbound at 2116 Portland. And after he heard the police report of the observed vehicle, including its license number, Maldonado confirmed its identity. In short, the police observed a vehicle of the type described by Maldonado occupied by two individuals of the expected ethnicity at the right time and place. We believe that these facts were sufficient to justify the belief that the Reynosos could be found in the red Chrysler Laser.

Taken together, these three inferences were sufficient to establish probable cause to make the arrest. Because the officers had probable cause to stop the vehicle and arrest Cabrera-Reynoso, the discovery of Cabrera-Reynoso's identity and the pager were admissible as obtained in a search incident to a valid arrest. See United States v. Oakley, 153 F.3d 696, 698 (8th Cir. 1998). Accordingly, the District Court's order denying the motion to suppress is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.