# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3249

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Jared Chris Warren, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 9, 2000

Filed:  May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Police officers on drug interdiction duty at the St. Paul, Minnesota, train station noticed a man carrying a duffel bag and wearing a long leather coat and an unusual furry cap with ear flaps. When the man saw a uniformed officer and his drug dog positioned in the terminal entryway, he adjusted his cap in an apparent attempt to hide his face and slowed down so that another passenger was between him and the drug dog as he went through the entryway. The man refused to stop and speak with an officer who approached him inside the terminal, drove off in a waiting taxicab, and instructed

the cabdriver to let him out after realizing the cab company dispatcher had informed the police of the cab's location.

A few moments later, a patrolman saw Jared Chris Warren in an alley near the intersection where the passenger had left the cab. The officer noted that Warren matched the passenger's description, observed that Warren appeared to have just thrown something away, and arrested him. Officers later found the duffel bag the man from the train station had been carrying, hanging over a fence in a yard bordering the alley not far from where Warren was arrested. After the officers found drugs in the bag, Warren was charged with one count of possession with intent to distribute crack cocaine. The district court denied Warren's motion to suppress the duffel bag and its contents, concluding Warren had abandoned the bag, but granted his motion to suppress both evidence seized when the officers searched Warren and his postarrest statements, concluding the officers lacked probable cause to arrest Warren before they found the duffle bag. A jury convicted Warren, and Warren now appeals.

Warren first contends the district court improperly denied his motion to suppress the duffel bag and its contents, arguing he did not abandon the bag but merely hid the bag where he could later easily retrieve it. Based on the totality of the circumstances, we conclude the district court's determination that Warren abandoned the duffle bag is not clearly erroneous. See United States v. Landry, 154 F.3d 897, 899 (8th Cir. 1998), cert. denied, 525 U.S. 1086 (1999). Because Warren left the bag hanging over a fence in a stranger's yard and then walked away, he "objectively relinquished his expectation of privacy in the bag." Id. Contrary to Warren's view, neither his alleged intent to retrieve the bag nor his argument that he did not verbally deny ownership of the bag before the police searched it is "relevant to the issue of whether the objective facts available to the officers support a finding that [Warren] abandoned the bag" by physically relinquishing it. Id. (intent to retrieve irrelevant); see United States v. Liu, 180 F.3d 957, 960 (8th Cir. 1999) (defendant may abandon bag "by physical relinquishment, even while claiming ownership" of bag).

Warren also contends the district court improperly admitted into evidence at trial the hat and coat Warren was wearing when arrested, arguing the hat and coat were also the fruit of Warren's illegal arrest and could not be used to establish that Warren and the man at the train station were the same person. Even assuming the district court's admission of the hat and coat was improper, any such error was harmless in light of the overwhelming evidence against Warren, including the testimony of two drug interdiction officers who identified Warren as the man at the train station. See United States v. Carroll, 2000 WL 276914, at *4-5 (8th Cir. March 15, 2000).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.