# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1414

_____

United States of America,  *
                           *
        Appellee,          *
                           *    Appeal from the United States
   v.                      *    District Court for the
                           *    Western District of Missouri.
Myron M. Price,            *
                           *        [UNPUBLISHED]
        Appellant.         *

_____

Submitted: July 6, 2001
     Filed:  July 27, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Following an adverse suppression ruling by the district court,[1] Myron M. Price conditionally pleaded guilty to the charge of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His base offense level was based on the district court's determination that Price had two prior felony convictions of crimes of violence under U.S.S.G. § 2K2.1. The district court sentenced him to 77 months imprisonment and 3 years supervised release.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

Price argues on appeal that his suppression motion should have been granted as to certain evidence--a jacket containing a handgun, a pair of gloves, and a screwdriver--that he asserts was unlawfully seized, because officers lacked probable cause to search the residence where he was arrested, no exceptions to the warrant requirement applied, and Price had standing to challenge the search as a lifelong friend of the owner and regular visitor to the residence. Price further argues that his prior conviction for burglary of a commercial building does not constitute a crime of violence, because U.S.S.G. § 4B1.2(a)(2) limits the range of burglary offenses that constitute a crime of violence to include only burglaries of dwellings. We reject both arguments.

First, whether or not Price had standing to challenge the search, we find Price abandoned his jacket when he removed it before submitting to arrest. See United States v. Liu, 180 F.3d 957, 960 (8th Cir. 1999) (in determining whether property has been abandoned for Fourth Amendment purposes, court looks at totality of circumstances, in particular whether suspect denied ownership of property and whether he physically relinquished property); United States v. Landry, 154 F.3d 897, 899 (8th Cir. 1998) (whether abandonment has occurred is determined on basis of objective facts available to investigating officers, not on basis of owner's subjective intent), cert. denied, 525 U.S. 1086 (1999); United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997) (warrantless search of abandoned property is constitutional because any expectation of privacy in item searched is forfeited upon its abandonment), cert. denied, 522 U.S. 1061 (1998). Alternatively, because probable cause existed for Price's arrest, the search of his jacket was lawful as a search incident to arrest. See United States v. Oakley, 153 F.3d 696, 698 (8th Cir. 1998); see also Curd v. City Court of Judsonia, Ark., 141 F.3d 839, 842 (8th Cir. 1998) ("Warrantless searches incident to a custodial arrest are 'justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained.'" (quoting United States v. Edwards, 415 U.S. 800, 802-03 (1974))).

Second, the district court correctly determined that Price's commercial-burglary conviction constituted a crime of violence, see United States v. Hascall, 76 F.3d 902, 904-06 (8th Cir.) (finding second-degree burglary of commercial building involves conduct that presents serious risk of physical injury to another under U.S.S.G. § 4B1.2, and thus is crime of violence), cert. denied, 519 U.S. 948 (1996); see also United States v. Stevens, 149 F.3d 747, 749 (8th Cir.) (holding third-degree burglary of commercial building has potential for episodic violence and is a qualifying offense under U.S.S.G. § 4B1.1), cert. denied, 525 U.S. 1009 (1998), and therefore correctly calculated the base offense level under the Guidelines. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-