**Irma SANDERS, Plaintiff,**

v.

**CITY OF PHILADELPHIA, et al., Defendant.**

**No. CIV.A. 01–3940.**

United States District Court, E.D. Pennsylvania.

March 14, 2002.

Craig L. Thorpe, Craig L. Thorpe, PC, Philadelphia, PA, for plaintiff.

Denise S. Wolf, Assist. City Solicitor, Robin B. Arnold, Deputy City Solicitor, Elise Michelle Nruhl, City of Philadelphia Law Dept., Philadelphia, PA, for defendants.

## MEMORANDUM

NEWCOMER, Senior District Judge.

Presently before the Court is Defendants' Motion for Summary Judgment. Upon consideration of said motion as well as plaintiff's untimely response, this Court grants defendant's motion, in part.

## BACKGROUND

On August 27, 1999, Sergeant O'Brien ran a vehicle's tag number through his Mobile Data Terminal after observing the automobile being driven erratically at a high rate of speed. The response indicated that the vehicle had been reported stolen. After pulling the vehicle over with other officers, Sergeant O'Brien arrested the vehicle's passenger, Irma Sanders, the plaintiff in this case. Sergeant O'Brien led

Sanders to his police car. At some point thereafter O'Brien placed handcuffs on Sanders. Sanders told O'Brien that the handcuffs were too tight and asked that they be loosened. O'Brien explained that they would be taken off shortly and also loosened them. While loosening the handcuffs, O'Brien noticed two small bags of marijuana in Sanders' hands. After a search, conducted by another police officer, a .38 caliber handgun was found in Sanders' back brace. All drug and firearm charges against Sanders were subsequently dismissed as the Court of Common Pleas held that O'Brien lacked probable cause to arrest Sanders.

In the case before this Court, Sanders brings suit for: unlawful detention, false arrest, use of excessive force, malicious prosecution as well as a "Monell Claim" against the City of Philadelphia. In addition, through pendent jurisdiction Sanders alleges the following state torts: infliction of emotional distress, false arrest, unlawful detention, assault & battery, and malicious prosecution.

### DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

■ The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue

for trial. *Id.* at 324, 106 S.Ct. 2548. A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Big Apple BMW, Inc. v. BMW of N.Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992). Moreover, a court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the movant's evidence far outweighs that of its opponent. *Id.* Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *Trap Rock Indus., Inc. v. Local 825*, 982 F.2d 884, 890 (3d Cir.1992).

### A. State & Federal False Arrest and Unlawful Detention Claims

■ Plaintiff Sanders alleges defendant O'Brien lacked probable cause when detaining and ultimately arresting her. A determination of probable cause is made from the facts and circumstances within the officer's knowledge at the time of the act in question. *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Probable cause is present when sufficient facts and circumstances arise which would lead a prudent person to believe that a suspect has committed, is committing, or is about to commit an offense. *Id.*

■ The question at hand is whether a prudent person placed in the shoes of Sergeant O'Brien on August 27, 1999, would have believed that Irma Sanders had committed, was committing, or was about to commit an offense. With the exception of a vacated opinion subsequently withdrawn

from publication, no governing case law exists addressing such a question.[1] Therefore, this is an issue of first impression for this Court.

Sergeant O'Brien took notice of the automobile because it was engaged in dangerous and erratic maneuvers. Upon further examination, O'Brien received a confirmed report over his Mobile Data Terminal that the automobile has been reported stolen. After pulling the vehicle over he found two people inside. While it is true the plaintiff was not operating the automobile, a prudent person is perfectly justified in believing that a passenger is somehow involved in the theft whether it be as an accomplice, conspirator or primary suspect. Sanders' apparent voluntary presence in a stolen automobile gives sufficient probable cause to warrant arrest and further investigation by the police.

When balancing the interests of the individual riding in a stolen car against those of society it is clear that the interests of society prevail. A finding of no probable cause forces police to allow potential criminals in such a situation to go free only to be able to hinder society again by repeating the crime. On the other hand, a finding of probable cause allows the police to detain the occupant of a stolen car long enough to find out what involvement, if any, the suspect had in the theft itself. The decision here is an easy one. The interests of society must prevail in this situation. The burden to the individual who had nothing to do with the car's theft will, after explanation, be minimal.

Because this Court finds that no reasonable juror could find otherwise, Sergeant O'Brien had probable cause to detain and arrest Irma Sanders. There is no material

issue of fact for a jury to determine here. Therefore, summary judgment shall be entered in favor of the defendants on all federal and state false arrest and unlawful detention claims.

## B. Monell Claim

The plaintiff has failed to meet the standards of *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) because no evidence has been offered by a City of Philadelphia policymaker which shows that Irma Sanders' injuries were a result of the City's "policy" or "custom". The only evidence offered by Sanders is the testimony of Sergeant O'Brien. This evidence is insufficient as it is not offered by a recognized Philadelphia City Policymaker. *McLeod v. City of Philadelphia*, NO. 94–7495, 1995 WL 491293, *6 (E.D.Pa. August 17, 1995). Therefore, the plaintiff's Monell Claims against the City fail to meet the standards needed to survive summary judgment as set forth in Federal Rules of Civil Procedure, Rule 56. Accordingly, judgment must be entered in favor of the City of Philadelphia on this claim.

## C. Excessive Force and Assault & Battery Claims

Contrary to the defendants' assertion, Sergeant O'Brien cannot hide behind the veil of qualified immunity on a claim of excessive force and assault & battery. The excessive force and assault & battery claims raise subjective questions which must be answered by a trier of fact. Defendant's motion for summary judgment

---

1. The Court notes the Court of Common Pleas' finding that O'Brien lacked probable cause. However, this finding is non-binding as the Court of Common Pleas case involved different parties, i.e., The Commonwealth vs. Irma Sanders (Neither Sgt. O'Brien nor the City of Philadelphia had a chance to litigate in that matter), and involved a different issue (Irma Sanders' guilt) Thus, res judicata and collateral estoppel do not apply here.

with respect to plaintiff's claim of excessive force is denied.

### D. Infliction of Emotional Distress

 In order to recover for a claim of infliction of emotional distress, the conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First National Bank of Mifflintown*, 366 Pa.Super. 551, 558, 531 A.2d 1122 (1987). Nowhere does the conduct claimed by the plaintiff, viewed in a light most favorable to the plaintiff, rise to this level. Likewise, no reasonable juror could conceivably find that this standard has been met by the actions of Sergeant O'Brien or the City of Philadelphia. Therefore, there is no issue of material fact here and judgment must be granted in favor of the defendants on this claim.

AN APPROPRIATE ORDER WILL FOLLOW.

### *ORDER*

AND NOW this day of March, 2002, upon consideration of the defendants' Motion for Summary Judgment and plaintiff's untimely response it is hereby ORDERED as follows:

(1) Judgment is granted in favor of the defendants with regard to plaintiff's state and federal claims for unlawful detention and false arrest.

(2) Judgment is granted in favor of the defendant, the City of Philadelphia with regard to the plaintiff's Monell Claim.

(3) Judgment is granted in favor of the defendants with regard to the plaintiff's claim for infliction of emotional distress.

(4) All remaining plaintiff's claims are still pending.