# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2352

———————

United States of America,

        Appellee,

v.

Walter Harris, also known as Dion,

        Appellant.

\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]
\*
\*

———————

Submitted: March 4, 2003
Filed: March 7, 2003

———————

Before BOWMAN, BYE, and RILEY, Circuit Judges.

———————

PER CURIAM.

Walter Harris appeals from the final judgment entered in the district court[1] after a jury found him guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846, and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Prior to trial the court denied Harris's motion to suppress ammunition and scales seized at a residence rented by Harris. During trial the court

———————

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

denied Harris's request to subpoena a trial witness, who Harris claimed could testify that certain government witnesses had plotted to fabricate testimony against Harris. The court sentenced Harris to concurrent terms of 360 and 120 months imprisonment, and concurrent 5-year and 3-year supervised-release terms. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and arguing that the district court erred in denying the suppression motion and subpoena request. In his pro se brief, Harris further argues that the government failed to provide materials under Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500. We affirm.

First, we conclude the evidence was sufficient to support the jury's verdicts. See United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (sufficiency-of-evidence standard of review). The jury was entitled to believe the testimony of the police officers who recovered ammunition from the residence Harris rented, as well as the testimony of Harris's coconspirators showing that he was involved in trafficking 50 or more grams of cocaine base. See United States v. Fellers, 285 F.3d 721, 725 (8th Cir.) (credibility determinations are left to jury), petition for cert. filed, (U.S. Jul. 29, 2002) (No. 02-6320).

Second, we conclude the district court did not err in denying Harris's motion to suppress. The hearing testimony showed there were exigent circumstances--the need to determine if a burglary was in progress at Harris's residence and if anyone was inside--justifying a warrantless search, see United States v. Ball, 90 F.3d 260, 263 (8th Cir. 1996) (discussing exigent-circumstances exception to warrant); officers were entitled to seize evidence that was in plain view during the course of their legitimate search, see Horton v. California, 496 U.S. 128, 135 (1990) (discussing plain-view doctrine); and the landlord later voluntarily gave an officer additional items after Harris had vacated the residence, see United States v. Landry, 154 F.3d 897, 899 (8th Cir. 1998) (discussing abandonment), cert. denied, 525 U.S. 1086 (1999).

Third, we conclude the district court did not abuse its discretion in failing to issue a witness subpoena under Federal Rule of Criminal Procedure 17(b). See United States v. Hang, 75 F.3d 1275, 1282 (8th Cir.1996) (standard of review). The court noted that granting the request would have required a trial continuance, and questioned why the potential witness had waited so long to come forward. Harris was able to cross-examine the government witnesses, and he has failed to show he was prevented from presenting an adequate defense. See United States v. Wyman, 724 F.2d 684, 686 (8th Cir.1984) (burden on requesting party to show that desired witnesses are necessary to adequate defense).

Finally, Harris's assertion that the government failed to disclose pretrial proffer interviews of its witnesses is unsupported. In any event, there is no indication that the witnesses' proffers were exculpatory as to the drug conspiracy, only that they may have been inconsistent with the witnesses' trial testimony about drug amounts attributable to Harris. See United States v. Bagley, 473 U.S. 667, 681 n.12 (1985) (materiality of Brady disclosure is whether disclosure of evidence would have changed trial outcome). We note that Harris failed to move during trial for production of witness statements under Federal Rule of Criminal Procedure 26.2, which incorporates the Jencks Act.

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw. We also deny Harris's pending pro se motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.