# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3199
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence S. Brooks

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 20, 2020
Filed: December 17, 2020
_____

Before COLLOTON, MELLOY, and KELLY, Circuit Judges.
_____

MELLOY, Circuit Judge.

A jury found Defendant Clarence Brooks guilty of: one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(a)(2); one count of simple possession of methamphetamine in violation of 21 U.S.C. § 844(a) and § 851; and one count of possessing a firearm in furtherance of a narcotics offense

in violation of 18 U.S.C. § 924(c)(1)(A). He appeals the district court's[1] earlier denial of a motion to suppress evidence and statements obtained after an allegedly unlawful seizure and search. We affirm.

I.

Police officers in Kansas City, Missouri, were patrolling with a license plate reader in their vehicle. The reader alerted to a license plate associated with a stolen vehicle, and dispatch confirmed the alert. The officers located and followed the vehicle for a short time prior to activating their lights and pulling the vehicle over near an interstate on-ramp. By the time of the stop, two police vehicles were behind the stolen vehicle. The events of the stop were captured on two dash-cam videos.

Officers could see a driver and a front-seat passenger in the stolen vehicle. Officers ordered the occupants to raise their hands, and the occupants complied. Officers then ordered the driver to turn off the vehicle, toss the keys out the window, and exit the vehicle. The driver did not comply, although at one point, the driver opened the door slightly. After the officers repeatedly yelled instructions to the generally noncompliant driver, the passenger began exiting the vehicle. Officers ordered the passenger to remain in the vehicle and continued instructing the driver to turn off the vehicle, toss the keys, and exit. Eventually, officers gave up on the driver and ordered the passenger, Defendant Clarence Brooks, to exit the vehicle.

Officers ordered Brooks to walk backwards towards them, step to the side, and lie on the ground face down. Brooks complied. Officers then approached Brooks. An officer patted Brooks down while a second officer asked Brooks if he had a weapon or anything that could hurt the officers. Brooks responded that he had a gun

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

in his pocket. The officer patting him down located and seized the gun, which was loaded with several rounds, including one round in the chamber. It is unclear from the videos whether the pat-down or the question occurred first. Officers did not know Brooks was a felon, but they arrested him after finding the firearm. In a further search incident to the arrest, officers found methamphetamine in Brooks's jacket.

When officers were dealing with Brooks on the ground, the driver of the stolen vehicle put the car in gear and sped off on the interstate. Officers did not pursue because the stolen-vehicle report had not indicated the presence of any aggravating factors as required by departmental policy to permit a chase.

Brooks was charged for firearms and narcotics offenses. He moved to suppress the firearm and the drugs, arguing the officer's question to him regarding a weapon or anything that might hurt the officers served as a custodial interrogation without a warning pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). He also argued officers arrested him without probable cause. The district court denied his motion on multiple grounds, primarily that officers possessed—at a minimum—reasonable suspicion that Brooks had committed the Missouri offense of "tampering." See Mo. Rev. Stat. § 569.090.1 ("A person commits the offense of tampering in the second degree if he or she: . . . (2) Unlawfully rides in or upon another's automobile . . . ."). The district court also concluded the pat-down was permissible based on reasonable suspicion and the question was permissible as a safety exception to Miranda. Finally, the district court concluded that, upon discovering the firearm, probable cause existed to arrest Brooks for tampering. Brooks took his case to trial and was convicted as stated above. The methamphetamine conviction was a lesser included offense based on a charge of possession with intent to distribute.

-3-

II.

We review de novo the denial of a motion alleging an unreasonable search or seizure. United States v. Nichols, 574 F.3d 633, 636 (8th Cir. 2009). We review underlying findings of historical fact only for clear error. United States v. Gill, 354 F.3d 963, 967 (8th Cir. 2004).

We find no error in the district court's ruling. When officers ordered Brooks to the ground and patted him down, they knew he had been riding in a stolen vehicle and they knew that the driver had not complied with the officers' demands following the stop. At that point in the tense standoff, officers possessed reasonable suspicion that Brooks's possible involvement with the stolen vehicle made him guilty of tampering or car theft, and they were permitted to pat him down for weapons pursuant to Terry v. Ohio, 392 U.S. 1 (1968). See also United States v. Hanlon, 401 F.3d 926, 929–30 (8th Cir. 2005) ("[W]hen officers encounter suspected car thieves, they also may reasonably suspect that such individuals might possess weapons." (citation and internal quotation marks omitted)). Upon finding the firearm, their level of suspicion rose: the facts described above, culminating in the discovery of the firearm, gave reasonable officers probable cause to arrest Brooks if they did not have it already. Compare Rohde v. City of Roseburg, 137 F.3d 1142, 1144–45 (9th Cir. 1998), with Sanders v. City of Philadelphia, 209 F. Supp. 2d 439, 442 (E.D. Pa 2002). Further, to the extent Brooks argues questioning occurred before the frisk and exceeded the permissible scope of a Terry stop, we conclude that the officers were not required to give Miranda warnings prior to asking Brooks if he had a weapon. See United States v. Williams, 181 F.3d 945, 953 (8th Cir. 1999) ("[A] suspect's answers to questions from a police officer are admissible in the absence of a Miranda warning so long as the questions asked of the suspect are 'reasonably prompted by a concern for the public safety.'" (quoting United States v. Lawrence, 952 F.2d 1034, 1036 (8th Cir. 1992))). Brooks's presence in the stolen vehicle coupled with the driver's recalcitrant

actions during the stop reasonably prompted concerns as to officer safety and public safety that justified asking about a weapon.

Brooks nevertheless argues that it is categorically unlawful to arrest the occupant of a suspected stolen vehicle for tampering under Missouri law because officers cannot establish the *mens rea* element that a passenger "knows" the vehicle is stolen. See Mo. Rev. Stat. § 562.021(3) (explaining that "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly"). Probable cause, however, does not require officers to establish the elements of the offense with a level of certainty as though trial-level proof must exist at the side of the road. United States v. Winarske, 715 F.3d 1063, 1067 (8th Cir. 2013) ("Arresting officers are not required to witness actual criminal activity or have collected enough evidence . . . to justify a conviction for there to be a legitimate finding of probable cause to justify a warrantless arrest."). Rather, "[p]robable cause exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense." United States v. Magness, 69 F.3d 872, 874 (8th Cir. 1995). And, it may be reasonable to infer that occupants of a stolen vehicle—at least one of whom conspicuously fails to comply with police commands—hold shared knowledge as to an illegal enterprise. See, e.g., Maryland v. Pringle, 540 U.S. 366, 373 (2003) (noting that it was reasonable to suspect all three occupants of a car containing cash and drugs were engaged in a common enterprise because they "were in a relatively small automobile [and] . . . car passengers . . . will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing" (citations and internal quotation marks omitted)).

At a minimum, officers possessed reasonable suspicion prior to their permissible discovery of the firearm. The fact that Brooks subsequently was

-5-

determined to be armed with a round in the chamber reasonably suggested to officers that he knew the vehicle was stolen, even assuming that his presence in the purloined vehicle by itself was not sufficient.

We affirm the judgment of the district court.

_____