# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1222
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Derone James

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 23, 2022
Filed: November 10, 2022
_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

Reserving the right to appeal denial of his motion to suppress, Patrick Derone James conditionally pleaded guilty to being a felon in possession of a firearm -- a loaded Glock 43 with an obliterated serial number found during a stop of a vehicle in which he was riding. See 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the

judgment of conviction, arguing the district court[1] wrongfully denied his motion to suppress the firearm and marijuana seized during the stop, his statements during the stop, and statements he made during the following custodial interview. Reviewing the district court's findings of fact for clear error and its conclusions of law *de novo*, we conclude the stop was supported at least by reasonable suspicion, if not by probable cause, and therefore affirm. See United States v. Saddler, 19 F.4th 1035, 1037 (8th Cir. 2021) (standard of review).

## I. Background

Cedar Rapids, Iowa Police Officer Michael Merritt testified at length at the suppression hearing. His testimony, consistent with his Incident Report prepared the day after the stop at issue, is reflected in the Magistrate Judge's findings of fact, to which there was no objection. It included the following: On March 9, 2020, Cedar Rapids Police Officer Emily Machula received a stolen vehicle report from Robin Cooper. Mr. Cooper reported that he rented a gray 2019 Dodge Grand Caravan from Enterprise rental car, that he lent it to a man known as "Pacman" who did not return it on March 2, when the rental agreement expired, and that Enterprise told him to report the vehicle as stolen. Officer Machula entered the vehicle as stolen in the National Crime Information Center ("NCIC") computer system, reporting an Iowa license plate number and the vehicle identification number ("VIN").

On March 21, Officer Michael Merritt reviewed the still-active report and recognized the name Pacman and his physical description as identifying Patrick Derone James. Officer Merritt drove to James's last known address and saw a vehicle with Texas license plates in the driveway that matched the description of the stolen

---

[1]The Honorable C.J. Williams, United States District Judge for the District of Northern District of Iowa, adopting as modified the Report and Recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

vehicle. He "ran" the Texas plate and learned it was registered to a gray 2019 Dodge Grand Caravan with the same VIN as the stolen vehicle. Though the Iowa and Texas license plates were registered to the same vehicle, the stolen vehicle report only listed the Iowa plate number. After unsuccessfully attempting to call Enterprise, Officer Merritt noticed the vehicle had left the driveway. He quickly located the vehicle and initiated a stop based solely on the stolen vehicle report. Approaching the vehicle, Officer Merritt noted a strong odor of marijuana. A search of the vehicle then uncovered marijuana and a loaded Glock 43 with an obliterated serial number. James was charged with possession of a controlled substance and possession of a firearm by a felon.

James's motion to suppress argued that the stop violated his Fourth Amendment rights because Officer Merritt did not have probable cause or reasonable suspicion to stop the vehicle and that any mistake of law in stopping the vehicle was objectively unreasonable. Magistrate Judge Roberts recommended that the motion be denied because the stop was supported by reasonable suspicion. District Judge Williams adopted the Report and Recommendation as to reasonable suspicion, modified the Report to find that the stop was supported by probable cause, and denied the motion to suppress.

## II. Discussion

A police officer may initiate what is known as a Terry stop if he has "reasonable suspicion" of criminal activity. A person who is reasonably suspected of "operat[ing] a stolen truck" falls within the universe of persons who may be subjected to a brief Terry stop. See United States v. Davison, 808 F.3d 325, 329 (8th Cir. 2015). "Reasonable suspicion exists when an officer is aware of particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." United States v. Tamayo-Baez, 820 F.3d 308, 312 (8th Cir. 2016) (cleaned up). Probable cause is

present when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Shackleford, 830 F.3d 751, 753 (8th Cir. 2016) (cleaned up). The district court concluded that Officer Merritt had both reasonable suspicion and probable cause to support the stop.

As Magistrate Judge Roberts found, at the time Officer Merritt initiated the stop, he knew that: (i) a 2019 gray Dodge Grand Caravan with Iowa license plates was listed on the NCIC stolen vehicles report after the vehicle's owner instructed the renter, Robin Cooper, to report the vehicle stolen by "Pacman," which Merritt knew was a commonly known alias of James, who had a prior criminal history; (ii) Merritt observed a gray Dodge Grand Caravan matching the description of the stolen vehicle in the driveway at James's last known address; (iii) the Texas license plate attached to that vehicle was registered to the same VIN as the Iowa license plate on the stolen vehicle report; (iv) the vehicle left the driveway while Officer Merritt was running the license plate and attempting to contact Enterprise.

We agree with the district court that these particularized, objective facts gave Officer Merritt reasonable suspicion to believe that the driver of the Dodge Grand Caravan, likely James, was operating a stolen vehicle in violation of Iowa criminal law. Therefore, Officer Merritt did not violate James's Fourth Amendment rights when he stopped the vehicle. See United States v. Smart, 393 F.3d 767, 770-71 (8th Cir. 2005).

James argues that "[t]he stop of the vehicle was improper because Officer Merritt made a mistake of law that the vehicle was stolen" under applicable Iowa law. Officer Merritt had no evidence "that Mr. James had any intent to deprive Mr. Cooper or Enterprise of the vehicle." We disagree. There was no "mistake" here, like the officer's misreading of stolen report "hot sheets" in United States v. Williams, 929 F.3d 539, 542 (8th Cir. 2019). The gray Dodge Grand Caravan Merritt observed was in fact the car on the NCIC stolen vehicle report. Investigation might determine that

the car was not in fact stolen, but it is well established that "[m]istakes of law or fact, if objectively reasonable, may still justify a valid stop." Id. (quotation omitted). Reasonable suspicion to initiate a Terry stop, like probable cause to arrest or search, "does not require officers to establish the elements of the offense with a level of certainty as though trial level proof must exist at the side of the road." United States v. Brooks, 982 F.3d 1177, 1180 (8th Cir. 2020). Here, Officer Merritt testified that he knew the situation was unusual, unique in his experience, because dual license plates were registered to the same VIN and James was initially loaned the car by Cooper. So he initiated a stop, not a "felony stop," to investigate the stolen vehicle issue. We agree with the district court that this decision was based on reasonable suspicion and was objectively reasonable.

Because the vehicle stop was constitutional, we need not address James's additional argument that his subsequent statements are fruit of a poisonous tree. The judgment of the district court is affirmed.

_____