**UNITED STATES of America, Appellee,**

v.

**Luciano Lucas AMAYA, Appellant.**

**No. 94–3670.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1995.

Decided April 6, 1995.

---

WOLLMAN, Circuit Judge.

Luciano Lucas Amaya appeals from the district court's[1] denial of his motion to suppress evidence seized during a drug search of his car. We affirm.

## I.

On August 27, 1993, an unidentified caller to the Arkansas narcotics hotline reported a cocaine operation in Little Rock that acquired its drugs from the Houston, Texas area. The caller named several participants, including a local contact named "Enrique" and a courier identified as "Luca." Several days later another call to the hotline provided more information about this drug activity. The information received from these calls, including the name of the motel where the participants normally stayed and the belief that "Luca" drove a black car, was reported to the FBI's Metropolitan Little Rock Violent Crimes Task Force, which is composed of both federal and state officers.

On January 14, 1994, task force officers stopped Enrique Vallejo in connection with additional information provided by a confidential informant. Although his vehicle was drug-free, Vallejo gave the officers written consent to search his residence and provided them with drugs, scales, firearms, more than $10,000 in cash, and information about a drug courier named Lucas who was on his way to Little Rock from Houston. Vallejo paged this individual, and they conducted several phone conversations entirely in Spanish. Vallejo told the officers that Lucas drove an older model, yellow or gold Oldsmobile or Buick with Texas license plates. Vallejo also told the officers that Lucas stayed at the same motel identified by the anonymous caller(s), as well as the name of the restaurant next door to the motel where Lucas would eat when he arrived.

Later that evening, officers spied a tan Buick Century that met Vallejo's description leaving the restaurant parking lot. Although the officers expected their target to be alone,

Robert Joseph Govar, U.S. Atty's Office, Little Rock, AR (argued), for U.S.

William Charles McArthur, McArthur & Finkelstein, Little Rock, AR (argued), for Luciano Lucas Amaya.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MURPHY, Circuit Judge.

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the proposed findings and recommended partial disposition of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

there were two occupants in the vehicle. Officers followed the car, and they eventually stopped it for the purpose of conducting a canine drug sniff. The dog alerted to drugs, and a package of what was later determined to be 2.012 kilograms of cocaine was discovered under the hood.

Amaya moved to suppress the drug evidence, contending that the officers did not have probable cause to stop and search the car. The motion to suppress was denied, and Amaya entered a conditional plea of guilty to possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Amaya was sentenced to 63 months in prison and four years of supervised release.

## II.

■ Amaya asserts that the information received from Vallejo and the phone tips was insufficient to develop probable cause to believe that Amaya was transporting cocaine when the officers stopped him and searched the vehicle. Specifically, Amaya points to the officers' lack of prior knowledge of Vallejo's reputation for veracity, his prior criminal record, and the circumstances in which he provided the information. The officers did not verify the pager number called by Vallejo, nor did they check the motel registration records for any verification before stopping Amaya. Additionally, the information received from the hotline was from an unknown, anonymous informant.

■ The officers could stop and search the vehicle driven by Amaya without a warrant as long as they had probable cause to believe that he was transporting drugs. *See United States v. Horne*, 4 F.3d 579, 585 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). The test for probable cause is the same as that applied in determining whether there were sufficient objective facts to support the issuance of a warrant. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72

L.Ed.2d 572 (1982); *Horne*, 4 F.3d at 585. Whether the officers had probable cause to stop Amaya is determined by the totality of the circumstances. *United States v. Brown*, 49 F.3d 1346, 1349–50 (8th Cir.1995).

"[W]here a previously unknown informant provides information, the informant's lack of a track record requires 'some independent verification' to establish the reliability of the information." *Brown*, 49 F.3d at 1349 (quoting *United States v. Robertson*, 39 F.3d 891, 893 (8th Cir.1994)); *see also Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (totality of the circumstances test for probable cause determination). The evidence of corroboration in this instance is manifest. Although some of the information came from an anonymous tipster or tipsters, and Vallejo was obviously not an individual of uncompromising moral vision, *see United States v. Stanton*, 975 F.2d 479, 483 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1331, 122 L.Ed.2d 715 (1993), much of the information they provided was reciprocally corroborative.[2] Also, Vallejo's information was predictive in nature and was corroborated by the officers' independent observations of Amaya and his vehicle when he left the restaurant parking lot. *See Brown*, 49 F.3d at 1349; *see also United States v. Morales*, 923 F.2d 621, 625 (8th Cir.1991) (corroboration of "innocent" details sufficient to corroborate description of illicit activity). In these circumstances, a reasonably prudent person would be warranted in believing that criminal activity was afoot rather than that the tan, late-model Buick with Texas license plates seen leaving the very restaurant described by Vallejo was there by some innocuous happenstance.

The fact that the officers did not further corroborate Vallejo's information is readily excusable given the time constraints they faced—all of the events surrounding the apprehension of Vallejo and Amaya took place within a matter of hours—as well as the aforementioned independent corroboration

2. Amaya does not contend that the tipster and Vallejo were one and the same, and this has been confirmed to not be the case. The officers did not know this at the time of the search, but would have been entitled to assume as much because of the unlikelihood that Vallejo would anonymously tip off the authorities and then engage in drug activity in which he was certain to be caught.

through the officers' observations. The slight discrepancies in the information provided by the various police informants are inconsequential in the light of the totality of the circumstances on the record before us.

The judgment is affirmed.