UNITED STATES of America, Appellee,

v.

Steven C. TAYLOR, Appellant.

No. 96–2909.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1997.

Filed Feb. 18, 1997.

Before BEAM, ROSS, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Steven C. Taylor appeals the district court's[1] denial of his motion to suppress evidence gathered pursuant to Taylor's warrantless arrest. We affirm.

## I. BACKGROUND

Omaha police arrested a drug dealer in April 1995, who agreed to cooperate with authorities. The newly acquired informant knew his source of methamphetamine only as "Steve," but provided police with "Steve's" telephone number, address, and a description of his vehicle. Officers checked out this information and identified Steven Taylor as the supplier. Under the officers' supervision, the informant then called Steve and arranged for delivery of methamphetamine to room 103 of the Savannah Suites Motel. The informant warned that "Steve" was "famous for being late" but that he always arrived with drugs as promised. The final phone call was placed at 6:00 in the evening, and a tape recording of the conversation reveals "Steve" promising that he was on his way. At 7:00 p.m. Taylor arrived at room 103 of the Savannah Suites and found police waiting. Taylor was arrested and searched. He was carrying an ounce and a half of methamphetamine, a scale, a loaded .38–caliber revolver, and a set of nunchakus. Taylor was informed of his rights, agreed to be interviewed and quickly confessed.

After he was indicted, Taylor moved to suppress all evidence obtained as a result of his arrest, including the items recovered from his person and his incriminating statements. He argued that the arrest was unsupported by probable cause, in violation of the Fourth Amendment of the United States Constitution. The magistrate judge conducted an evidentiary hearing and made a recommendation that the motion be denied, which recommendation the district court adopted.

Mary H. Buckley, Omaha, NE, argued (David R. Stickman, on the brief), for appellant.

William W. Mickle II, Omaha, NE, argued (Thomas J. Monaghan and Nancy A. Svoboda, on the brief), for appellee.

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

Taylor then entered a conditional plea of guilty to charges that he possessed methamphetamine with the intent to distribute it, in violation of 21 U.S.C. SS 841(a)(1) and that, as a felon, he violated 18 U.S.C. SS 922(g)(1) by possessing a firearm. He appeals the suppression ruling.

## II. DISCUSSION

We will only overturn a district court's finding of probable cause to make a warrantless arrest if it is clearly erroneous. *United States v. Morgan,* 997 F.2d 433, 435 (8th Cir.1993). Determining probable cause to arrest requires the court to focus on the moment the arrest was made and to ask whether "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). This calculation "does not depend upon individual facts; rather it depends on the cumulative effect of the facts in the totality of the circumstances." *United States v. Brown,* 49 F.3d 1346, 1349 (8th Cir.1995).

Taylor relies on *United States v. Everroad,* 704 F.2d 403 (8th Cir.1983) to argue that his mere presence in a location known to be the site of criminal activity was insufficient to establish probable cause for his arrest. This is a correct statement of the law, but it has very little relevance to these facts. Taylor was not arrested merely because of his physical location. The Omaha police believed Taylor was committing a crime because of intelligence provided by a previously unknown informant. The pertinent inquiry, then, is whether the informant was sufficiently trustworthy to support the officers' belief that Taylor was engaged in criminal activity.

■ "Where a previously unknown informant provides information, the informant's lack of a track record requires 'some independent verification' to establish the reliabili-

ty of the information." *United States v. Amaya,* 52 F.3d 172, 174 (8th Cir.1995) (quoting *Brown,* 49 F.3d at 1349). This confirmation can consist of verifying details that would not, standing alone, lead police to suspect a crime. *United States v. Wilson,* 964 F.2d 807, 809–10 (8th Cir.1992).

■ Here, the informant correctly identified Taylor's address, phone number, vehicle and first name. He also correctly predicted that Taylor would arrive at room 103 of the Omaha Savannah Suites on a certain date, even including a warning that Taylor would be late. Taken together, these facts established sufficient grounds to support a belief that Taylor was committing or had committed an offense involving drug trafficking.

■ At the suppression hearing, defense counsel sought to explore the informant's criminal history, arguing that the informant's prior convictions undermined his credibility. The magistrate judge sustained objections to this line of inquiry, which Taylor asserts was an abuse of discretion.[2] We disagree.

■ When an informant's data is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause. *United States v. Gladney,* 48 F.3d 309, 313 (8th Cir.1995); *United States v. Humphreys,* 982 F.2d 254, 259 (8th Cir.1992). Therefore, the police were not required to investigate the informant's criminal background before lending credence to a story which they had already confirmed in many respects. The magistrate judge did not abuse her discretion in excluding evidence of the informant's criminal record or police knowledge thereof.

## III. CONCLUSION

We have carefully considered each of Taylor's arguments and find them to be without merit. The decision of the district court is affirmed.

---

2. Taylor reports that the objections were sustained based on Federal Rule of Evidence 403. Our review of the transcript indicates that the objections were not based on undue prejudice but on relevance, which is guided by Rule 401.

We review rulings based on either provision for abuse of discretion. *United States v. Johnson,* 934 F.2d 936, 941 (8th Cir.1991) (Rule 403) and *United States v. Scholle,* 553 F.2d 1109, 1124 (8th Cir.1977) (Rule 401).