_____

No. 96-2909
_____

United States of America,       *
                                *
          Appellee,             *
                                *  Appeal from the United States
     v.                         *  District Court for the
                                *  District of Nebraska.
Steven C. Taylor,               *
                                *
          Appellant.            *
                  _____

          Submitted: January 15, 1997

            Filed: February 18, 1997
                  _____

Before BEAM, ROSS, and HANSEN, Circuit Judges.
                  _____

BEAM, Circuit Judge.


     Steven C. Taylor appeals the district court's[1] denial of his
motion to suppress evidence gathered pursuant to Taylor's
warrantless arrest.  We affirm.

_____

     The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska, adopting the Report and Recommendation of
the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge
for the District of Nebraska.

I.   BACKGROUND

     Omaha police arrested a drug dealer in April 1995, who agreed
to cooperate with authorities.  The newly acquired informant knew
his source of methamphetamine only as "Steve," but provided police
with "Steve's" telephone number, address, and a description of his
vehicle.  Officers checked out this information and identified
Steven Taylor as the supplier.  Under the officers' supervision,
the informant then called Steve and arranged for delivery of
methamphetamine to room 103 of the Savannah Suites Motel.  The
informant warned that "Steve" was "famous for being late" but that
he always arrived with drugs as promised.  The final phone call was
placed at 6:00 in the evening, and a tape recording of the
conversation reveals "Steve" promising that he was on his way.  At
7:00 p.m. Taylor arrived at room 103 of the Savannah Suites and
found police waiting.  Taylor was arrested and searched.  He was
carrying an ounce and a half of methamphetamine, a scale, a loaded
.38-caliber revolver, and a set of nunchakus.  Taylor was informed
of his rights, agreed to be interviewed and quickly  confessed.

     After he was indicted, Taylor moved to suppress all evidence
obtained as a result of his arrest, including the items recovered
from his person and his incriminating statements.  He argued that
the arrest was unsupported by probable cause, in violation of the
Fourth Amendment of the United States Constitution.  The magistrate
judge conducted an evidentiary hearing and made a recommendation
that the motion be denied, which recommendation the district court
adopted.  Taylor then entered a conditional plea of guilty to
charges that he possessed methamphetamine with the intent to
distribute it, in violation of 21 U.S.C. SS 841(a)(1) and that, as

a felon, he violated 18 U.S.C. SS 922(g)(1) by possessing a firearm.  He appeals the suppression ruling.

## II.  DISCUSSION

We will only overturn a district court's finding of probable cause to make a warrantless arrest if it is clearly erroneous. United States v. Morgan, 997 F.2d 433, 435 (8th Cir. 1993). Determining probable cause to arrest requires the court to focus on the moment the arrest was made and to ask whether "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."  Beck v. Ohio, 379 U.S. 89, 91 (1964). This calculation "does not depend upon individual facts; rather it depends on the cumulative effect of the facts in the totality of the circumstances."  United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995).

Taylor relies on United States v. Everroad, 704 F.2d 403 (8th Cir. 1983) to argue that his mere presence in a location known to be the site of criminal activity was insufficient to establish probable cause for his arrest.  This is a correct statement of the law, but it has very little relevance to these facts.  Taylor was not arrested merely because of his physical location.  The Omaha police believed Taylor was committing a crime because of intelligence provided by a previously unknown informant.  The pertinent inquiry, then, is whether the informant was sufficiently trustworthy to support the officers' belief that Taylor was engaged in criminal activity.

"Where a previously unknown informant provides information, the informant's lack of a track record requires 'some independent verification' to establish the reliability of the information." United States v. Amaya, 52 F.3d 172, 174 (8th Cir. 1995) (quoting Brown, 49 F.3d at 1349). This confirmation can consist of verifying details that would not, standing alone, lead police to suspect a crime. United States v. Wilson, 964 F.2d 807, 809-10 (8th Cir. 1992).

Here, the informant correctly identified Taylor's address, phone number, vehicle and first name. He also correctly predicted that Taylor would arrive at room 103 of the Omaha Savannah Suites on a certain date, even including a warning that Taylor would be late. Taken together, these facts established sufficient grounds to support a belief that Taylor was committing or had committed an offense involving drug trafficking.

At the suppression hearing, defense counsel sought to explore the informant's criminal history, arguing that the informant's prior convictions undermined his credibility. The magistrate judge sustained objections to this line of inquiry, which Taylor asserts was an abuse of discretion.[2] We disagree.

---

Taylor reports that the objections were sustained based on Federal Rule of Evidence 403. Our review of the transcript indicates that the objections were not based on undue prejudice but on relevance, which is guided by Rule 401. We review rulings based on either provision for abuse of discretion. United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991) (Rule 403) and United States v. Scholle, 553 F.2d 1109, 1124 (8th Cir. 1977) (Rule 401).

When an informant's data is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause.  United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995); United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992).  Therefore, the police were not required to investigate the informant's criminal background before lending credence to a story which they had already confirmed in many respects.  The magistrate judge did not abuse her discretion in excluding evidence of the informant's criminal record or police knowledge thereof.

## III. CONCLUSION

We have carefully considered each of Taylor's arguments and find them to be without merit.  The decision of the district court is affirmed.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.