# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4024

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Vicente Marchena-Borjas, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted:  March 16, 2000

Filed:  April 5, 2000

_____

Before McMILLIAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Vicente Marchena-Borjas appeals from a final judgment entered in the United States District Court[1] for the District of Nebraska upon his conditional guilty plea to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. See United States v. Marchena-Borjas, No. 8:98CR137-1 (D. Neb. Nov. 1, 1999). For reversal, Marchena-Borjas

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

argues that the district court erred in denying his motion to suppress evidence obtained as a result of his warrantless arrest and the subsequent warrantless search of the vehicle in which he had been a passenger. For the reasons stated below, we affirm.

Marchena-Borjas was indicted on June 18, 1998, on one count of conspiracy to distribute and possess with intent to distribute methamphetamine. He filed a motion to suppress, arguing that he was arrested and the vehicle was searched without any probable cause and in the absence of a valid search or arrest warrant. On October 5, and November 10, 1998, suppression hearings were held before a magistrate judge[2] on this motion, as well as other motions filed by his co-defendant, Joel Barone-Hermosillo. The magistrate judge also permitted post-hearing oral arguments on the motions on March 12, 1999. Witnesses testifying at the suppression hearing included six officers from city and county police departments in the Omaha, Nebraska, area as well as one special agent of the United States Drug Enforcement Administration. Based upon the evidence presented, the magistrate judge issued a report and recommendation containing the following findings of fact. See id. at 2-12 (Apr. 28, 1999) ("Report and Recommendation").

On the early afternoon of May 8, 1998, a confidential informant reported to Omaha police officers that a Hispanic male named "Vicente" was in possession of methamphetamine that day at a certain trailer court in Bellevue, Nebraska (later identified as 1513 Fort Crook Road, Trailer #1). The confidential informant further stated that, at approximately 8:00 p.m., Vicente would deliver the methamphetamine, driving a silver Oldsmobile mini-van with Nebraska license plates numbered "18-U672" from the Bellevue trailer court to the parking lot of a grocery store on the northeast corner of 36th and Q Streets in Omaha.

---

[2]The Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

Based on this information, local officers set up surveillance at the Bellevue trailer court. At 7:45 p.m., two men with dark hair and dark complexions were observed leaving Trailer #1 and getting into a silver Oldsmobile mini-van with license plates numbered "18-U672." The mini-van was under intermittent surveillance as it traveled from the trailer court to the parking lot at 36th and Q Streets. Officers did not observe the mini-van commit any traffic violations.

After the mini-van pulled into the parking lot, the driver and passenger exited. Surveillance officers who were waiting at the lot immediately pulled their own vehicle behind the mini-van and exited with their weapons drawn. The driver (later identified as Barone-Hermosillo) was detained and handcuffed immediately after exiting the van. The passenger (later identified as Marchena-Borjas) wandered around the front of the parking lot and then walked back toward the van. Officers detained and handcuffed him after he was identified by other officers as the van's other occupant. After searching the van's interior and finding no contraband, the officers looked under the hood of the vehicle and found a plastic grocery bag containing two one-pound bundles of methamphetamine stuffed into the engine compartment on the driver's side.

The magistrate judge concluded that the officers had probable cause to arrest Marchena-Borjas and to search the vehicle in which he was a passenger. The magistrate judge found probable cause for the arrest given the reliability of the confidential informant, the specificity of detail provided by the informant, and the officers' independent verification and corroboration of the informant's predictions of future activity, even though certain details related to otherwise "innocent" behavior. See id. at 13-15. The magistrate judge also determined that, under the totality of the circumstances, probable cause existed to justify the search of the entire van (including the engine compartment) under the "automobile exception" to the Fourth Amendment. See id. at 16-19. The magistrate judge recommended that Marchena-Borjas's motion to suppress be denied. See id. at 19, 21.

Marchena-Borjas filed objections to the magistrate judge's report and recommendation. After a *de novo* review of the record, including the transcripts of the suppression hearings and the post-hearing oral arguments, the district court accepted the magistrate judge's report and recommendation in its entirety and denied Marchena-Borjas's motion to suppress. See id. at 1-2 (June 10, 1999). This appeal followed.

We have carefully reviewed the parties' arguments and the record on appeal, including the transcript of the suppression hearings, and determine that Marchena-Borjas' arguments are without merit. The historical reliability of the confidential informant, his provision of descriptive information not easily discoverable, and the independent corroboration of his information by investigating officers together established probable cause for Marchena-Borjas's arrest. See Draper v. United States, 358 U.S. 307, 313 (1959); United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995) (Brown) (noting that corroboration of "certain aspects of [informant's] prediction (the innocent behavior) increases the probability that other aspects of his prediction (the criminal behavior) are also correct."). Moreover, although the search of the van and its engine compartment did not fall within the scope of a search incident to arrest, see New York v. Belton, 453 U.S. 454, 460 n.4 (1981), the facts that created probable cause to arrest Marchena-Borjas "create[d] with equal force probable cause to believe that the [vehicle] contained" methamphetamine. Brown, 49 F.3d at 1350. The identification of Marchena-Borjas as "Vicente" prior to the search of the van corroborated yet another of the tip's details and further supported probable cause for a search of the entire vehicle under the totality of the circumstances. See Transcript of Suppression Hearing at 70-73 (Nov. 10, 1998); Report and Recommendation at 17; see also United States v. Thompson, 906 F.2d 1292, 1297-98 (8th Cir. 1990) (finding probable cause under totality of circumstances for search of car trunk).

We hold that the district court did not err in denying Marchena-Borjas's motion to suppress. The judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.