# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2641

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Joseph Winarske

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota
_____

Submitted: March 15, 2013
Filed: May 21, 2013
_____

Before WOLLMAN and COLLOTON, Circuit Judges, and HOLMES,[1] District Judge.

_____

HOLMES, District Judge.

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

Adam Joseph Winarske appeals the judgment of the district court[2] following the denial of his motion to suppress evidence seized during a search of his girlfriend's vehicle. We affirm.

## I.

On June 29, 2012, Winarske was sentenced to a mandatory minimum term of imprisonment of fifteen years for possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g). The mandatory minimum term of imprisonment was imposed pursuant to 18 U.S.C. § 924(e) because, at the time of the offense, Winarske was considered an armed career criminal with a history of three previous convictions for violent felonies. In arresting Winarske, police relied largely on the assistance of an informant named Michael Fergel.

In early June of 2011, while Fergel was on state parole awaiting sentencing on felony charges, he became a confidential informant for law enforcement. Fergel was put in contact with Bismarck Police Officer Jerry Stein and began supplying Officer Stein with "tips" about illegal activity taking place in and around the Bismarck area. Although Fergel served as an informant for only a month, it is undisputed that in that time Fergel provided police with accurate information about local criminal activity. Specifically, Fergel provided Officer Stein with information about area drug users and suppliers and disclosed the location of several individuals who were wanted in connection with about a dozen home burglaries.

On June 18, 2011, Fergel began communicating with Officer Stein about another possible crime, this time involving an allegedly stolen handgun offered for sale by a person named "Adam." Fergel later told Officer Stein that he thought

---

[2]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

Adam's last name was "Winaske." Fergel also informed Officer Stein that Adam was a registered sex offender who had been convicted of corruption of a minor and was currently being supervised by a probation officer named Brian Weigel. Officer Stein investigated Fergel's leads and confirmed that a .38-caliber handgun had recently been reported stolen from a car in Bismarck approximately two blocks from where Adam Winarske, a registered sex offender convicted of corruption of a minor, was residing. Although Fergel was incorrect about the exact spelling of Winarske's last name and about the name of Winarske's probation officer, Fergel had correctly identified facts about Winarske's criminal history and supervision status. Officer Stein later testified at the suppression hearing held by the district court that he knew Winarske was prohibited from possessing firearms due to his prior felony convictions.

Winarske agreed to meet Fergel to conduct the sale of the firearm on June 29, 2011, at 1:00 p.m. in the parking lot of a shopping mall. In advance of the meeting, Fergel advised police as to the meeting time and place; the color, make, and model of Winarske's vehicle; and the fact that Winarske's girlfriend would be present. Officer Stein and other officers then set up surveillance at the appointed meeting site and waited for Winarske to appear. Just before 1:00 p.m., officers observed a male later identified as Winarske and a female later identified as Winarske's girlfriend approach the meeting area and enter a vehicle that matched the description previously provided by Fergel. Since Fergel had remained behind at police headquarters, officers confirmed Winarske's identity prior to arrest through two sources who were present at the scene: Winarske's supervising probation officer, Tony Soupir, and Officer Mike Bolme, who was familiar with Winarske from previous encounters with law enforcement.

Once Soupir and Bolme positively identified Winarske, police advanced on the vehicle with weapons drawn. Winarske and his girlfriend were removed from the vehicle and patted down by officers. Winarske was then handcuffed and read his

*Miranda* rights. Afterward, Officer Stein asked Winarske if there was a gun in the car, and Winarske admitted that a .38-caliber revolver was located in a blue bag behind the passenger's seat. Officers then searched the car and promptly located both the weapon and some ammunition, which Winarske confirmed were his.

After Winarske was charged, he moved to suppress the gun and ammunition seized from the vehicle, arguing that the items were seized without a warrant in violation of his Fourth Amendment rights. The district court denied the suppression motion and allowed both the firearm and ammunition to be introduced as evidence. Subsequently, Winarske entered a conditional guilty plea to the pending charge and reserved the right to appeal the district court's decision regarding the suppression of evidence.

Winarske now argues on appeal that police improperly based their probable cause determination on information supplied by an untested, unreliable informant. Because of this, Winarske contends that the search of his vehicle without a warrant was made in violation of the Fourth Amendment, and the weapon and ammunition that were recovered during the search must be suppressed.

II.

We review de novo a district court's denial of a motion to suppress evidence, "evaluating only for clear error, however, any findings of fact by the trial court and giving appropriate deference to the inferences apparently drawn from those facts by law enforcement officers . . . and the trial court." *United States v. Smith*, 266 F.3d 902, 904 (8th Cir. 2001) (quotation omitted).

A.

Winarske argues that officers lacked probable cause either to arrest him or to search his girlfriend's vehicle. We first examine whether there was probable cause to arrest Winarske without a warrant. A warrantless arrest by law enforcement is reasonable where there is probable cause to believe that someone has committed or is committing a crime. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotation omitted).

Arresting officers are not required to witness actual criminal activity or have collected enough evidence so as to justify a conviction for there to be a legitimate finding of probable cause to justify a warrantless arrest. *United States v. Webster*, 625 F.3d 439, 442 (8th Cir. 2010). Instead, the mere "probability or substantial chance of criminal activity, rather than an actual showing of criminal activity," is all that is required. *United States v. Mendoza*, 421 F.3d 663, 667 (8th Cir. 2005). In making a probable cause determination, "[l]aw enforcement officers have substantial latitude in interpreting and drawing inferences from factual circumstances." *United States v. Henderson*, 613 F.3d 1177, 1181 (8th Cir. 2010) (internal quotation omitted).

The district court correctly concluded that, based on the information provided by Fergel, police had probable cause to arrest Winarske for illegally possessing a firearm. "When an informant has provided reliable information in the past or where his tip was independently corroborated, a court may deem the informant's tip sufficiently reliable to support a probable cause determination." *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006). "An informant may establish the

reliability of his information by establishing a track record of providing accurate information." *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995) (citing *Illinois v. Gates*, 462 U.S. 213, 233 (1983)). However, if an informant is otherwise unknown to police and has no proven track record of reliability, police may deem an informant credible and make a finding of probable cause when an informant's information is at least partly corroborated. *Id.* An informant may also prove himself to be a reliable source for law enforcement by providing predictive information about a meeting time or place. *Brown*, 49 F.3d at 1349 (informant's prediction that defendant would arrive at a particular location increased probability that other information previously provided by informant was also correct); *United States v. Taylor*, 106 F.3d 801, 803 (8th Cir. 1997) (confidential informant with a criminal record whose reliability was otherwise unknown to police established reliability by correctly predicting date and location of drug transaction); *United States v. Rodriguez*, 414 F.3d 837, 843 (8th Cir. 2005) (probable cause established by defendant appearing at correct time and place for scheduled drug transaction).

Here, police had ample cause to find Fergel to be a reliable informant. First, Fergel established a track record of providing accurate information on local criminal activity to law enforcement.[3] Second, early in the investigation he provided certain identifying information about Winarske that was independently corroborated by police, including Winarske's first and last names, criminal history, and supervision

---

[3]Although Winarske makes much of Fergel's criminal history and argues that Fergel's background renders him an unreliable source, Winarske does not dispute that Fergel supplied accurate information to law enforcement about crimes taking place in the Bismarck area, including details involving drug trafficking activity and a number of home burglaries. That Fergel may have participated in the burglary activity he reported to police is irrelevant to an analysis of Fergel's credibility as an informant. We, like the district court, are persuaded that Fergel was a reliable source, in part because his tips were accurate enough to lead police to solve about a dozen open burglary cases.

status.[4]  Third, Fergel provided predictive information about the time and place of a planned meeting with Winarske to engage in criminal activity.

Given the totality of the circumstances in this case, it was reasonable for law enforcement to believe that there was at least a probability or substantial chance of criminal activity occurring when Winarske arrived at the place and time designated by Fergel to transact a firearm sale.  Accordingly, we find that Winarske's warrantless arrest was supported by probable cause.

B.

Next we analyze whether probable cause existed to search Winarske's vehicle and seize the firearm and ammunition found in the search.  Although the district court determined that Winarske was placed under arrest at the scene, presumably for illegal possession of a firearm by a convicted felon, Winarske maintains in his brief on appeal that "[t]he record is unclear whether Winarske was actually arrested at this point or, if he was, for what."

Winarske does not dispute that when police encountered him in his vehicle, the following sequence of events occurred: first, police removed him from the vehicle; second, he was handcuffed and patted down; and third, he was read his *Miranda* rights.  It was only after Winarske's *Miranda* warnings were given that police asked him about the firearm.  Winarske then voluntarily admitted that the weapon was located in a blue bag behind the passenger's seat.  Considering these facts, we agree with the district court that a search of the vehicle was constitutional, as "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within

---

[4] Winarske points out that some of the information Fergel provided about him was incorrect, such as the spelling of his last name and the name of his supervising probation officer.  We are persuaded that these errors are insignificant, particularly when measured against the accurate information Fergel provided.

reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009). Here, it was reasonable for police to believe that Winarske's girlfriend's vehicle contained evidence of the offense of arrest in the form of the firearm.

Our decision is not altered by the possibility that Winarske was not under arrest at the time of the search. We have already determined that police had probable cause to suspect that Winarske arrived at the pre-determined meeting place and time designated by Fergel with the intent to conduct a firearm sale. It follows that police had probable cause to suspect that Winarske possessed a weapon or weapons either on his person or in his vehicle at the time of the meeting. Under the "automobile exception" to the Fourth Amendment, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence of a crime. *United States v. Kennedy*, 427 F.3d 1136, 1140-41 (8th Cir. 2005); *see also United States v. Hambrick*, 630 F.3d 742, 747 (8th Cir. 2011) (holding that officers have probable cause to search a vehicle under the automobile exception if they reasonably believe, based upon a reliable source, a fair probability exists that contraband would be found in the vehicle), *cert. denied*, 131 S.Ct. 2919 (2011). The police in this case had probable cause to believe that Winarske's girlfriend's vehicle contained contraband, namely the firearm.

We also affirm the district court's finding that Winarske's post-*Miranda* admission to police about the location of the weapon in the vehicle provided an independent basis to find probable cause to conduct a search. *United States v. McCarty*, 612 F.3d 1020, 1026 (8th Cir. 2010) (defendant's post-*Miranda* admission that there was marijuana in his car established probable cause to search car for marijuana). For all of these reasons the fruits of the search cannot be suppressed.

The district court's denial of Winarske's motion to suppress is affirmed.

_____