# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1455

_____

United States of America,

*Plaintiff - Appellee,*

v.

Nalenzer Lee Edwards,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 16, 2017
Filed: May 31, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and READE,[1] District Judge.

_____

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

COLLOTON, Circuit Judge.

Nalenzer Edwards was convicted of conspiracy to distribute heroin and possession with intent to distribute heroin. The district court[2] denied Edwards's pre-trial motion to suppress evidence seized during a traffic stop and statements made to officers after his arrest. We conclude that law enforcement officers did not violate the Fourth Amendment, so there was no basis to exclude the disputed evidence, and we therefore affirm the judgment.

I.

The investigation and prosecution of Edwards arose from communications to police by a confidential informant on June 10, 2015. The informant, who previously had provided reliable information, contacted Detective Timothy Giger from the Columbia Police Department to report that Edwards was involved in drug trafficking. The informant told Giger that Edwards would be driving that day from Columbia to Jefferson City to provide money to a woman named "Tasha" and to obtain heroin for transport back to Columbia.

Giger and other officers followed Edwards's silver Pontiac Bonneville from a hotel in Columbia to a house in Jefferson City owned by Natasha Terrell. Edwards entered the home and remained for thirty to forty-five minutes before driving back to Columbia. That evening, Jefferson City police searched the trash outside Natasha Terrell's residence and discovered drug paraphernalia consistent with drug trafficking. Based on the totality of the evidence, Detective Greg Bestgen of

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

-2-

Jefferson City obtained a search warrant for the home, but did not execute it immediately.

A week later, the same informant notified Detective Giger that Edwards again planned to travel to "Tasha's" house that day to obtain heroin. As before, Giger and other officers followed Edwards from Columbia to Natasha Terrell's house. Edwards went inside the house and then drove away. Once he left, Detective Bestgen and other officers executed the search warrant; they found heroin, crack cocaine, pills of an unknown nature, and approximately $7,000 in cash. A second confidential informant, who was present in the home during the search, informed Bestgen that Edwards had left with approximately twenty grams of heroin.

While officers searched Natasha Terrell's home, Officer Paul Gash of Jefferson City conducted a traffic stop of Edwards's vehicle after learning from Detective Giger that Edwards was believed to have completed a drug transaction. Giger instructed Gash to arrest Edwards, so Gash placed Edwards in custody in the back of a police car. After Edwards declined to consent to a search of his vehicle, Gash ran his canine around the Bonneville's exterior, but the dog did not alert to the presence of drugs.

Gash next contacted Detective Bestgen, who stated that there was probable cause to search the vehicle. Gash then searched the Bonneville and discovered four bags of heroin behind the instrument panel of the car. In an interview, after receiving the warnings prescribed by *Miranda v. Arizona*, 384 U.S. 436 (1966), Edwards admitted his involvement in drug trafficking. Thereafter, a grand jury charged Edwards with conspiracy to distribute heroin and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively.

Before trial, Edwards moved to suppress his incriminating statements and the heroin seized from his vehicle, but the district court denied the motion, and the case

proceeded to trial. A jury found Edwards guilty on both charges, and the district court sentenced him to 156 months' imprisonment.

## II.

On appeal, Edwards challenges the district court's denial of his motion to suppress. He contends that police lacked probable cause to arrest him, and that his statements should have been suppressed as the fruit of an unlawful arrest. He also argues that police searched his vehicle without probable cause, and that evidence found in the car should have been excluded from the trial.

Probable cause to arrest exists "when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect has committed or is committing a crime." *United States v. Velazquez-Rivera*, 366 F.3d 661, 664 (8th Cir. 2004). The standard is "not a high bar," and it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation marks omitted).

The information provided by Detective Giger's confidential informant, together with corroborating evidence gathered during investigation, established probable cause to believe that Edwards committed a drug trafficking offense. The informant had proven reliable in previous investigations, and law enforcement independently corroborated details that the informant had supplied about Edwards. Officers followed Edwards as he traveled from Columbia to a residence in Jefferson City that was owned by a woman matching the name given by the informant. A contemporaneous trash pull corroborated the informant's suggestion that the residence was associated with drug activity. Where an informant has provided reliable information in the past, and where officers are able to corroborate important details from a current tip that a subject is engaged in drug trafficking, there is

-4-

probable cause to believe that an offense has been or is being committed. *Draper v. United States*, 358 U.S. 307, 312-14 (1959).

Although Officer Gash had not personally observed Edwards before the traffic stop on June 17, "probable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication." *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993). Detective Giger communicated with Officer Gash before the traffic stop, informing him that Edwards was under investigation for drug trafficking and that there was probable cause to believe that Edwards had just obtained drugs. Because the officers collectively had probable cause, and Officer Gash was included in the communications, Edwards's arrest was lawful. The district court properly denied Edwards's motion to suppress his custodial statements to police.

Gash also had probable cause to believe that Edwards's car contained heroin before he searched the vehicle. Under the automobile exception to the warrant requirement, officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the car contains contraband or other evidence. *California v. Acevedo*, 500 U.S. 565, 580 (1991). The same information that provided probable cause for the arrest justified the search of the Bonneville. *See United States v. Marchena-Borjas*, 209 F.3d 698, 700 (8th Cir. 2000) (per curiam). Edwards complains that the second informant at Terrell's house had no history of providing reliable information. But a track record is not required before officers may deem an informant credible, *see United States v. Winarske*, 715 F.3d 1063, 1067 (8th Cir. 2013), and the second informant's assertion that Edwards had purchased heroin at the house was consistent with other evidence and worthy of some weight. In any event, officers did not need the second informant's statement to establish probable cause, because statements of the first informant and subsequent investigation were sufficient.

-5-

Seizing on testimony from Officer Gash that his drug dog alerts accurately "[a] hundred percent of the time," Edwards contends that any probable cause that might have existed promptly dissipated when the canine failed to alert to the presence of drugs at Edwards's car. A drug dog's failure to alert is relevant, *see United States v. Jacobs*, 986 F.2d 1231, 1234-35 (8th Cir. 1993), but not dispositive. *See United States v. Lakoskey*, 462 F.3d 965, 976-77 (8th Cir. 2006). Whatever Officer Gash's subjective opinion about the accuracy of his dog, officers may consider pre-existing information in making the objective determination whether there is a fair probability that evidence of a crime would be found in the conveyance. The evidence of criminal activity here was strong enough to establish a substantial chance that the dog might have been mistaken or unable to perceive drugs that were within the vehicle. Based on the totality of the circumstances, there was probable cause to search the car. The district court properly denied the motion to suppress the heroin found inside the Bonneville.

The judgment of the district court is affirmed.

_____