# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3507
_____

Mitchell Wood

*Plaintiff - Appellant*

v.

Justin Wooten

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: September 22, 2020
Filed: January 28, 2021
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Mitchell D. Wood sued officer Justin Wooten under 42 U.S.C. § 1983 for unreasonable seizure in violation of the Fourth Amendment. The district court[1] granted summary judgment to Wooten. ***Wood v. Wooten***, 2019 WL 5394506, at *6

---

[1]The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

(E.D. Mo. Oct. 22, 2019). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In the early morning of October 23, 2016, Scott County Deputy Sheriff Toby Haynes pulled Wood over for driving with a broken headlight. Operating a vehicle with a broken headlight at night is illegal in Missouri. **§§ 307.040.1, 307.105.1, 307.020(9), RSMo 2016**. Checking the records, Haynes discovered an outstanding warrant for an unpaid traffic ticket. Haynes called Justin Wooten, a superior, to tell him he had stopped Wood.

Wooten then called the Sheriff. (At the time, Wood's estranged wife was rumored to be in a romantic relationship with the Sheriff.) The Sheriff told Haynes to treat Wood the same as everyone else. Wooten relayed this to Haynes.

Haynes drove Wood to the station because of the outstanding warrant. He did not tell Wood he was under arrest. He did not handcuff him. Wood rode in the front seat of the vehicle with Haynes. Arriving at the station, they met Wooten. He and Haynes discussed the broken headlight and the outstanding warrant. Wooten then handcuffed Wood. He informed Wood he was under arrest for driving while intoxicated.

Wood sued Wooten for unlawful arrest. The district court granted summary judgment to Wooten, determining he had probable cause to arrest Wood. The court declined to consider qualified immunity.

This court reviews de novo the grant of summary judgment, viewing the facts most favorably to the nonmoving party. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). This court affirms if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**.

The issue is whether the undisputed facts establish that Wooten had probable cause to arrest Wood.

First, Wood had an outstanding warrant at the time of arrest. It is undisputed that the warrant was valid. A valid bench warrant provides probable cause for an arrest. ***Luckes v. Cnty. of Hennepin***, 415 F.3d 936, 939 (8th Cir. 2005).

Second, Wood was driving with a broken headlight in violation of Missouri law. *See* **§§ 307.040.1, 307.105.1, 307.020(9), RSMo 2016**. "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." ***United States v. Torres-Lona***, 491 F.3d 750, 755-56 (8th Cir. 2007), *citing* ***Beck v. Ohio***, 379 U.S. 89, 91 (1964). A traffic violation, no matter how minor, gives probable cause for a traffic stop. ***United States v. Bloomfield***, 40 F.3d 910, 915 (8th Cir. 1994) (en banc). Officers may arrest individuals for minor infractions. *See* ***United States v. Burtton***, 599 F.3d 823, 829 (8th Cir. 2010), *quoting* ***Virginia v. Moore***, 553 U.S. 164, 171 (2008).

For either reason, Wooten had probable cause to arrest Wood.

Wood argues that Wooten lacked probable cause because he told Wood he was arresting him for a DWI, not the warrant or the broken headlight.

Wood's argument fails. First, it is undisputed that, by talking with Haynes, Wooten knew about the warrant and broken headlight before arresting Wood. *See* ***United States v. Edwards***, 891 F.3d 708, 711-12 (8th Cir. 2018). An officer does not have to personally witness the events providing probable cause. ***Id.*** He or she may rely on the "collective knowledge of all law enforcement officers involved in the investigation . . . if there is some degree of communication." ***Id.*** Wooten was aware of two valid grounds for Wood's arrest.

Second, an officer's wrongly-stated reason for an arrest does not nullify an otherwise lawful arrest. *See **Devenpeck v. Alford***, 543 U.S. 146, 153-54 (2004), *quoting **Whren v. United States***, 517 U.S. 806, 813 (1996). "[T]he validity of the arrest should be judged by whether the arresting officers actually had probable cause for the arrest, rather than by whether the officers gave the arrested person the right reason for the arrest." ***United States v. Lester***, 647 F.2d 869, 873 (8th Cir. 1981). An officer's "alleged motive for the arrest cannot vitiate an otherwise lawful arrest." ***Peterson v. Kopp***, 754 F.3d 594, 599 (8th Cir. 2014), *citing **Whren***, 517 U.S. at 813. Regardless of the officer's stated reasons, an outstanding warrant can justify an arrest. *See **Rodgers v. Knight***, 781 F.3d 932, 939 (8th Cir. 2015) (holding that where officers seized the defendant for a firearms violation despite a valid conceal-and-carry, the defendant's outstanding warrant for failure-to-appear-in-court justified the seizure).

As a result, although Wooten told Wood he was under arrest for a DWI, he had probable cause based on the outstanding warrant or the broken headlight.

Wood also alleges that after the fact, Wooten fabricated evidence about the arrest (and then invoked his Fifth Amendment right about it). This later conduct does not negate Wooten's probable cause at the time of the arrest. *See **Bowden v. Meinberg***, 807 F.3d 877, 881-82 (8th Cir. 2015). Excluding the allegedly fabricated evidence, Wooten had probable cause based on the outstanding warrant or the broken headlight. *See **id.***

The district court correctly granted summary judgment to Wooten.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____