# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1120
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Mena-Valdez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 19, 2021
Filed: December 17, 2021
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Jose A. Mena-Valdez of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A).

The district court[1] sentenced him to 60 months on both counts, to be served consecutively. He appeals the denial of his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On October 30, 2018, Omaha police officers stopped Mena-Valdez for lack of license plates and failing to properly signal a turn. Officer James Holtmeyer approached the car. He "smelled a very strong odor of alcohol coming from the vehicle" and saw a red Solo cup in the center console. He asked Mena-Valdez to exit the car and seized the cup, which contained what he believed was rum and Coke. When asked, Mena-Valdez said he had been drinking "a little bit." Officer Holtmeyer searched the car, finding a bag with 7.6 ounces of meth in the front passenger area. The officers arrested Mena-Valdez, finding a small amount of meth on him. After the car was impounded, officers found a handgun in it.

Mena-Valdez moved to suppress the drugs and gun, arguing officers stopped his vehicle without probable cause or reasonable suspicion. At the hearing, he also argued that there was no probable cause to search the car. After the hearing, he conceded there was probable cause to stop the car to issue traffic citations. The magistrate judge found probable cause both to initiate the stop and to search the car. He appeals.

This court reviews de novo the denial of a motion to suppress. *United States v. Czichray*, 378 F.3d 822, 825 (8th Cir. 2004). "Under the automobile exception to the warrant requirement, officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the car contains contraband or other evidence." *United States v. Edwards*, 891 F.3d 708, 712 (8th Cir. 2018). "Probable cause exists where there is a 'fair probability that contraband or evidence of a crime

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

will be found in a particular place.'" *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007), *quoting Illinois v. Gates*, 462 U.S. 213, 238 (1983).

During the traffic stop, Officer Holtmeyer smelled alcohol and found a red Solo cup filled with it, in violation of Nebraska Revised Statute § 60-6211.08. *See* Neb. Rev. Stat. § 60-6, 211.08(2) (making it "unlawful for any person in the passenger area of a motor vehicle to possess an open alcoholic beverage container while the motor vehicle is located in a public parking area or on any highway in this state"). Mena-Valdez also admitted drinking. He believes these circumstances justified an arrest, not a search. This belief has no merit. Officer Holtmeyer had probable cause to search the car for evidence related to the open container violation. *See United States v. McCoy*, 200 F.3d 582, 584 (8th Cir. 2000) (holding an officer had probable cause to search a car for marijuana after smelling it in the car); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999) (holding probable cause existed to search car for an open container where officer smelled alcohol on defendant's breath). *See also United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."). The district court did not err in denying the motion to suppress.

* * * * * * *

The judgment is affirmed.

_____