# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2100

_____

United States of America

*Plaintiff - Appellee*

v.

Johnny T. Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: February 18, 2022
Filed: June 7, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Johnny Thomas Taylor pled guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(A), and 846. In his plea agreement, Taylor reserved the right to appeal the denial of his motion to

suppress. The district court[1] sentenced him to 228 months in prison. He appeals the denial of his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On May 6, 2017, Ozark Drug Enforcement Detective Travis Spencer received information about a suspicious package sent from Phoenix, Arizona to Seneca, Missouri by United Parcel Service. It was addressed to Sherry Conant. A judge-authorized search revealed that the package had about one pound of meth. A judge then authorized a search of the Seneca address.

Two days later, the package was delivered. Detective Spencer and other officers executed the search. They found the package in the southwest bedroom of the residence. J.M.—the occupant of the residence—agreed to cooperate. He told Detective Spencer that two days earlier, his sister, Jennifer Conant, and her boyfriend "D" offered him $200 to receive the package at his address. J.M. described D as a large black male driving a white van.

At Detective Spencer's direction, J.M. told his sister that the package had arrived. She replied that she and D would be there shortly to pick it up. About 45 minutes later, a white Mercedes pulled into the driveway. J.M. said it was D driving the same white vehicle as two days earlier, with his sister in the passenger seat. She approached the front door with $100 in her hand. Detective Spencer opened the door and detained her. Stepping outside, he immediately recognized D as Johnny Taylor, the defendant. Taylor also had $100 in his hand. Waiving his *Miranda* rights, Taylor answered questions, making incriminating statements.

The district court denied Taylor's motion to suppress, concluding the arresting officers had probable cause to arrest him.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, Chief Magistrate Judge for the Western District of Missouri.

-2-

Taylor argues that at the time of the arrest, there was no probable cause that he committed a criminal offense. Reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Newell*, 596 F.3d 876, 879 (8th Cir. 2010). This court "will affirm the denial of a suppression motion" unless "the decision is unsupported by the evidence, based on an erroneous view of the law, or the Court is left with a firm conviction that a mistake has been made." *United States v. Donnelly*, 475 F.3d 946, 951 (8th Cir. 2007).

A warrantless arrest is unlawful if the arresting officer lacks probable cause. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "Probable cause exists when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Id.* This depends on the totality of the circumstances, not individual facts. *See United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995).

If law enforcement officers receive information about a suspect from a "previously unknown informant," this court must determine "whether the informant was sufficiently trustworthy to support the officers' belief that [the suspect] was engaged in criminal activity." *United States v. Taylor*, 106 F.3d 801, 803 (8th Cir. 1997). Assessing the informant's trustworthiness, this court looks for "some independent verification" that the information was reliable. *Id.* "This confirmation can consist of verifying details that would not, standing alone, lead police to suspect a crime." *Id.*

The facts here are like those in *Taylor*. In *Taylor*, the previously unknown informant correctly identified the defendant's address, phone number, vehicle, and first name, in addition to correctly predicting that the defendant would arrive at a specific location on a certain date. *Id.* These facts taken together were sufficient to support a belief that the informant was credible, and to establish probable cause that the defendant was a drug dealer. *Id.*

-3-

Similarly here, J.M., a previously unknown informant, correctly identified the color and style of Taylor's vehicle, what he looked like, and that he and Conant would arrive with $200 to pay J.M. for receiving the package. Once J.M.'s credibility was established, the officers could reasonably believe that he was correct that the package of drugs was for Conant and Taylor, and that they arranged for it to be sent to his residence.

Taylor relies on *United States v. Everroad*, 704 F.2d 403 (8th Cir. 1983). There, the district court found probable cause to arrest the defendant based on his association with a known suspected criminal, his presence in that person's vehicle, and his proximity to a crime. *Id.* at 405-06. This court reversed the denial of the motion to suppress, holding that while those facts might create a suspicion in an officer's mind, they do not establish probable cause for a warrantless arrest. *Id.*

Unlike *Everroad*, Taylor was arrested based on more than association, presence, or proximity. Taylor was arrested based on verified information from an informant whom officers appropriately deemed credible.

Taylor emphasizes that the police reports do not explicitly state he was involved in discussions about the delivery of the package. But the district court credited Detective Spencer's testimony that Taylor was involved in the delivery discussions. And a "credibility determination made by a district court after a hearing on the merits of a motion to suppress is virtually unassailable on appeal." *United States v. Nevatt*, 960 F.3d 1015, 1020 (8th Cir. 2020).

Taylor also asserts innocent explanations for the $100 in his hand when arrested. While there may be innocent explanations, "[p]robable cause does not require absolute certainty." *United States v. Muhammad*, 604 F.3d 1022, 1028 (8th Cir. 2010). It is enough if a person of reasonable caution believes that the defendant has committed or is committing a crime. *Id.*; *Veatch*, 627 F.3d at 1257.

The arresting officers had probable cause to arrest Taylor. *See United States v. Parish*, 606 F.3d 480, 486 (8th Cir. 2010) ("[I]nformation about [an] impending drug transaction supplied by the confidential informant and corroborated by the police, constituted probable cause."). The district court properly denied the motion to dismiss.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____