# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1323
_____

Alphonso Vernell Frazier, II

*Plaintiff - Appellant*

v.

Justin Smith, Sergeant, Individual Capacity

*Defendant - Appellee*

Erich Jones, Officer, Individual and Official Capacity; Robert Dellutri, Officer, Individual and Official Capacity; Adam Moore, Officer, Individual and Official Capacity; Jordan Jacobs, Officer, Individual and Official Capacity; Jordan Brandt, Officer, Individual and Official Capacity; Nicholas Yarpe, Officer, Individual and Official Capacity

*Defendants*

Angie Circo, Detective, Individual Capacity; Marlene Novotny, Sergent, Individual Capacity; Scott Fox, Fire Investigator, Individual Capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: July 14, 2022
Filed: July 29, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Alphonso Frazier, II appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action, in which he alleged Fourth Amendment violations stemming from his arrest and searches of his home. Upon careful de novo review, see Wood v. Wooten, 986 F.3d 1079, 1080 (8th Cir. 2021) (standard of review), we affirm. We conclude that no Fourth Amendment violation occurred, see Messerschmidt v. Millender, 565 U.S. 535, 546 (2012) (where alleged Fourth Amendment violation involves search pursuant to warrant, magistrate's issuance of warrant indicates that officer acted reasonably); United States v. Muhammad, 604 F.3d 1022, 1027 (8th Cir. 2010) (plain-view exception); and that the dismissal of the criminal charges against Frazier did not retroactively invalidate the arrest and search warrants executed against him, see Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) (mere fact that suspect is later acquitted of offense for which he is arrested is irrelevant to validity of arrest).

We also find no abuse of discretion in the district court's denial of default judgment, see U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (entry of default judgment is within district court's discretion and is disfavored, particularly for marginal failure to meet deadline); and we find no merit to Frazier's argument that the district court lacked jurisdiction to decide the summary judgment motion, see N. Bottling Co. v. Pepsico, Inc., 5 F.4th 917, 924 (8th Cir. 2021) (without parties' consent, magistrate judge cannot issue binding decision on dispositive motion). Finally, we deny Phyllis Knight's motion to intervene on appeal.

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

-2-

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____